ANTHONY ALTIERI, P.P.A. *v.* SUSAN ALTIERI

SUPERIOR COURT        NEW HAVEN COUNTY        FILE No. 90921 F.R.

Memorandum filed October 6, 1959

*B. Fred Damiani,* of New Haven, for the plaintiff.

*Joseph F. Trotta,* of New Haven, for the defendant.

KLAU, J. The plaintiff brings this complaint through his father as his next best friend, seeking a divorce. The defendant, also a minor, pleads in abatement that the plaintiff, being emancipated by his marriage with the consent of one of his parents, cannot maintain the action through his next best

friend but must bring it in his own name alone. The plaintiff denied the allegations of the plea, and the marriage certificate of the plaintiff and defendant was introduced into evidence. The plaintiff is now nineteen years old and the defendant sixteen years of age. Consent to their marriage was given by the mothers of each of the parties as well as the judge of probate. The case was argued on the theory that the plaintiff was emancipated by the marriage. *Milford* v. *Greenwich,* 126 Conn. 340, 344.

The real party to the action is the plaintiff himself even though he is an infant. *Williams* v. *Cleaveland,* 76 Conn. 426, 431; 43 C.J.S. 272, § 106; note, 118 A.L.R. 401. All parties are infants in legal contemplation until they have arrived at majority. Under the common law, which has been adopted in our jurisdiction, the age of majority is twenty-one years. *McCarrick* v. *Kealy,* 70 Conn. 642, 646; 43 C.J.S. 49, § 2. Suits by an infant must be instituted by his guardian or next best friend. The next best friend is an agent or an officer of the court. *Williams* v. *Cleaveland,* supra, 431, 432, 434. The next best friend, acting under the supervision of the court, protects the rights of an infant. Spencer, Law of Domestic Relations, p. 541. To avoid attack on the decree, an infant should have representation, as the lack of it might throw a cloud on the proceedings. *Hinman* v. *Taylor,* 2 Conn. 357, 360.

The emancipation of an infant may relieve him of his obligation to his parents and may have other results but does not remove all the disabilities of infancy. 43 C.J.S. 90, § 28. While some jurisdictions have held that marriage of an infant resulting in an emancipation permits him to sue or defend in his own name in a divorce proceeding, the better and more recent decisions hold that such exception to the general rule ought not to be made except through legislative act. Note, 17 A.L.R. 900, 901; *Cohn* v.

*Cohn,* 310 Mass. 126, 128; *Ruiz* v. *Ruiz,* 233 Miss. 192, 196; *Randall* v. *Randall,* 12 Misc. 2d 468, 470.

Even if there were no necessity for the plaintiff's institution of suit by his next best friend, no harm can result therefrom, as the jurisdiction of the court is not affected thereby. Since the plaintiff is still the real party in interest, the decree of the court will be binding upon him in any event.

It might be appropriate to point out at this time, although the matter is not now before the court, that before a pleading is filed in behalf of the defendant, who is also a minor, a guardian ad litem should be appointed in her behalf to protect her interests.

Defendant's plea in abatement is overruled.