STATE OF CONNECTICUT *v.* JAMES P. FAY

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 5-8695

Argued September 9—decided November 14, 1963

*Harold H. Dean,* of Norwalk, for the appellant (defendant).

*Joseph H. Sylvester,* assistant prosecuting attorney, for the appellee (state).

LEVINE, J. The defendant was convicted of speeding in violation of § 14-219 of the General Statutes and has appealed upon the sole ground that the court erred in "refusing to allow the defendant to examine the radar speed detection equipment referred to in the attached exhibit, for the reason that the defendant was not entitled to examine said equipment prior to trial." No finding of facts was requested, and the only evidence filed with this court concerns the defendant's request for a continuance to inspect the radar machine and the court's decision thereon.

The record before us discloses that the defendant was arrested on February 6, 1963, at 10:11 a.m.

for speeding in the town of Orange. His arrest was the result of a radar "clocking" of his speed. The record does not disclose that he made a motion to inspect the radar machine prior to trial or that he made any request of the state to produce the radar machine prior to trial or to have it present at the trial. His only request to examine the machine was made at the time his radar expert was on the stand testifying, and at that point only because his expert was not familiar with the model S-5 radar which was used by the police for the "clocking" of the speed. The assignment of error states a refusal by the court to allow the defendant to examine the equipment at the trial. In his brief, the defendant assigns error in that he was denied an opportunity to inspect the radar speed detection equipment; he does not specify the time at which the request was made. The limited testimony before us discloses that the actual objection on trial was to the court's refusal to grant a postponement, during the trial, for the purpose of allowing the defendant's expert, who was then on the witness stand, an opportunity to examine the S-5 radar equipment.

The refusal to adjourn the trial to enable a party to procure further evidence is a matter of discretion of the court and is subject to review on appeal only if there was an abuse of the court's discretion. *Lewis* v. *Havens*, 40 Conn. 363, 370; see *Rusch* v. *Cox*, 130 Conn. 26, 32; *State* v. *McLaughlin*, 126 Conn. 257, 260; *Gaul* v. *Baker*, 108 Conn. 173, 179; *Connecticut Light & Power Co.* v. *Southbury*, 95 Conn. 88, 93; *Allen* v. *Chase*, 81 Conn. 474, 478; *Crotty* v. *Danbury*, 79 Conn. 379, 383; *DeWandelaer* v. *Sawdey*, 78 Conn. 654, 657; *State* v. *Lee*, 69 Conn. 186, 193; *White* v. *Portland*, 63 Conn. 18, 20.

What is now § 168 of the 1963 Practice Book provides "for the production for inspection, or copying

or other reproduction, of photographs, reports, papers, books, documents, maps and physical objects." The rules for civil actions "apply in criminal cases in so far as they are adapted to such proceedings." Practice Book, 1963, § 814. Section 800 of the 1963 Practice Book makes § 168 thereof available to this defendant, who had the right, prior to trial, to ask to inspect the S-5 radar equipment. The defendant relies on *State* v. *Cocheo*, 24 Conn. Sup. 377, 381, in support of his argument that he did not have the right to request inspection of the radar machine before trial. In that case, this court said that the discovery and pretrial "rules are not applicable in criminal cases, and we have no statutory provisions which require the listing of witnesses or permit obtaining the tenor of their testimony." The court there was concerned with the applicability of the discovery rules to the right to examine and inspect a statement given by a state's witness. In the present case, we are concerned with a machine which provides a speed reading that is used in evidence. The inspection of the machine is not the listing of witnesses or the obtaining of the tenor of their testimony—the matters with which the *Cocheo* decision was concerned. The ruling in that case has no application here, since an inspection of the machine was not a disclosure of the state's evidence. In fact, the purpose of the inspection of the machine was to prepare the defendant's own evidence rather than to obtain the state's evidence. For a review and discussion of disclosure of state's evidence, see *Daly* v. *Dimock*, 55 Conn. 579.

The defendant argued in support of his motion that he desired the S-5 radar equipment so that his expert could familiarize himself with this particular machine, which he had never seen. The defendant produced the expert witness and must be bound by

the witness' ability and knowledge as an expert. If in fact the witness was not familiar with the particular radar machine used, the defendant could not be heard at the trial to complain of his witness' lack of expert knowledge and the denial of a postponement so that the expert could become more expert or familiar with the type of machine used. The defendant had the right before trial to inspect the machine by a timely motion to the court. Having failed to make it, he cannot now complain on the ground of his expert's unfamiliarity with this particular machine. The court did not abuse its discretion in denying the defendant a postponement of the trial to give him an opportunity to inspect the machine, nor in denying him the right to inspect the machine, a right which he claimed only at the trial.

There is no error.

In this opinion KINMONTH and PRUYN, Js., concurred.