STATE OF CONNECTICUT *v*. ANONYMOUS (1971-17)

APPELLATE DIVISION OF THE CIRCUIT COURT

DiCENZO, J. From his conviction of the crime of speeding (General Statutes § 14-219 [a] [2]) in a trial to the jury, the defendant has appealed, assigning error in the denial of his motion for disclosure and production, in the denial of his motion to set aside the verdict, and in the admission of certain evidence. The first of the claimed errors is alleged to be apparent on the face of the record.

A summons issued to the defendant, setting forth that he was charged with the crime of speeding, contained the following writing: "Speeding–80 mph in 60 mph zone–radar 14-219a2." The defendant was directed to appear in the Circuit Court.

An examination of the record and transcript of the proceedings in the Circuit Court discloses that the court directed that the defendant's not guilty plea be withdrawn and that the defendant file a motion, whereupon the plea was withdrawn and the case continued. The defendant thereafter filed a motion entitled "motion for disclosure and production." This motion is a part of the record and was filed pursuant to §§ 167 through 171 of the Practice Book, which provide for disclosure in civil actions, the answering of interrogatories and the production of physical objects. Section 468 of the Practice Book makes the rules in civil actions applicable to criminal cases so far as they are adapted to such proceedings.

The defendant's motion for disclosure to obtain answers to a number of questions relating to facts within the exclusive knowledge of the state and not available to the defendant—more particularly, the location of the radar, the location of the visual indicator and graph recorder, the identifying number of the radar equipment used, the name and address of the manufacturer of the radar equipment used, when the radar equipment was obtained by the state police, whether it was an electronic device, and whether there was compliance with the federal communications regulations regarding the use of such equipment. The motion also sought the production of pertinent records as well as the radar graph.

The state objected to the motion on the ground that a motion for disclosure is not available to a defendant in a criminal case. The motion was heard by the court and denied with no memorandum.

Irrespective of whether the title of the motion was correct, the motion sought certain information considered necessary by the defendant in the preparation of his defense. The rulings on a motion of this nature are within the sound discretion of the court. *Graham* v. *Houlihan,* 147 Conn. 321, 331; *Kiessling* v. *Kiessling,* 134 Conn. 564, 568. In *State* v. *Hayes,* 6 Conn. Sup. 243, 245, it was stated: "Certainly the modern trend of authorities in this country is to hold that it is discretionary with the Court in a criminal case to allow an inspection of documents or other articles in the possession of the state's attorney and that that discretion ought to be exercised in favor of the accused when the documents sought are the very subject of the charge and admissible in evidence, and it is necessary for a fair presentation of the case on trial that the accused inspect them in advance of the trial."

The defendant claims that he was hampered in the preparation and presentation of his case by the complete denial of his motion.

An accused "should be permitted to inspect documents or articles which form the basis of the charge against him, and even in the absence of statute or rule of procedure courts are liberal in granting motions for inspection where the writings sought are directly involved in the commission of the alleged crime and where other tangible objects are involved." 23 C.J.S. 793, Criminal Law, § 955 (2) (b), and cases cited.

In *State* v. *Fay,* 2 Conn. Cir. Ct. 369, 371–72, we declared that a defendant has a right, prior to trial, to ask for an inspection of radar equipment in a speeding case. We also stated that this right could be exercised by a timely motion to the court. In this connection the langauge in *Daly* v. *Dimock,* 55 Conn. 579, 589, referred to in the *Fay* case, clearly

sets forth the basic philosophy of American criminal jurisprudence: "The law presumes every man to be innocent until the contrary appears; and its policy is to give every man accused of crime a reasonable opportunity to prepare and present to a jury his defense. The state does not desire to procure convictions by any unfair concealment or surprise. It concerns itself quite as much in having the innocent acquitted as in having the guilty convicted. While it affords every reasonable facility for the prosecution of offenders, it is no less solicitous to give every accused person a fair and reasonable opportunity to make his defense."

In the instant case, a careful examination of the evidence produced at the trial became necessary to test the court's ruling on the motion for disclosure. "A trial tests the court's ruling on a motion for disclosure, for it then appears whether the mover was hampered, in the preparation and presentation of his case, by the denial of the motion." *Graham* v. *Houlihan,* 147 Conn. 321, 331; see *Pottetti* v. *Clifford,* 146 Conn. 252, 258. The evidence, as it appears in the transcript, supports the defendant's contention. The majority of the questions in the motion for disclosure related to the radar device, its position and location, identification number, manufacture, license number and graph. The trial disclosed that the radar device was located near an overpass, that one could get two graph readings out of one moving vehicle, and that the graph introduced in evidence had a double tracing. The defendant was unable to subpoena the manufacturer of the radar device or to obtain any other information pertaining to the particular equipment used. Obviously, the denial of the motion hampered the defendant in the preparation of his case. To have granted the motion in part, if not in its entirety, would not have prejudiced the state's case in any way. It was error

for the court to summarily deny the motion for discovery in its entirety, thereby seriously hampering the defendant in the preparation and presentation of his case.

In the view we take of this case, it is unnecessary to consider the defendant's remaining assignments of error.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion CASALE and KINMONTH, Js., concurred.