[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MAY 21, 1997
The minor plaintiff Mark Natale, by his father and next friend George Natale, and the plaintiff George Natale, bring this personal injury action against various defendants for damages arising out of the defendants' alleged negligent and intentional conduct. The defendants Lawrence Pudvah and Valerie Pudvah (the "Pudvahs"), move to strike the counts of the complaint directed against them.
The plaintiff's allege that the minor plaintiff and the defendant Matthew Caron, also a minor, were guests at the Pudvahs' home. While present at the Pudvahs' home, the Pudvahs' son, Jason Pudvah, who was eighteen years of age, provided alcohol to the minor plaintiff and to the defendant Caron. The defendant Caron became intoxicated and later assaulted the minor plaintiff causing him to suffer personal injury.
Counts eight through fifteen are directed against the Pudvahs and are the subject of the present motion to strike. Counts eight through eleven are brought by the minor plaintiff and counts twelve through fifteen are brought by the plaintiff George Natale. Counts eight, ten, twelve and fourteen assert claims of gross negligence on the basis that the Pudvahs caused or contributed to Caron's commission of an intentional or negligent assault. Counts nine, eleven, thirteen and fifteen assert claims of negligence on the same grounds.
In counts nine, eleven, thirteen and fifteen, the plaintiff's allege "that the Pudvahs knowingly made alcohol available to their eighteen year old son, Jason Pudvah, or allowed said son to possess alcohol." They allege that the minor plaintiff's injuries were contributed to or caused by the gross negligence of the CT Page 4970 Pudvahs in that they allowed their son to have access to alcohol; they allowed their son to possess alcohol; they permitted the unsupervised consumption of alcohol; they allowed their son to provide alcohol to persons under the age of twenty-one; they failed to supervise their son and his guests; they failed to warn their son of the dangers of drinking alcohol; and they knew or should have anticipated that the harm of the general nature of that suffered by the minor plaintiff was likely to result from their son's unsupervised possession of alcohol. The allegations of gross negligence in counts eight, ten, twelve and fourteen are identical to the above stated allegations of negligence.
The Pudvahs move to strike counts nine, eleven, thirteen and fifteen on the ground that these counts do not state a legally sufficient cause of action for negligence because they did not owe the plaintiff's a legally cognizable duty of care. First, the Pudvahs argue that the plaintiff's fail to sufficiently state a negligence claim under a theory of social host liability because they did not make alcohol available to minors. They argue that Jason Pudvah was eighteen and an adult at the time of the incident and that there is no negligence based on allowing an adult to possess alcohol. In addition, they argue that there is no allegation that the Pudvahs themselves served or provided alcohol to the minor plaintiff and the defendant Caron. Secondly, the Pudvahs contend that because Jason Pudvah was an adult at the time of the incident, the plaintiff's fail to sufficiently state a negligence claim under a theory of negligent supervision.
The Pudvahs move to strike counts eight, ten, twelve and fourteen on the ground that Connecticut does not recognize a common law action for gross negligence.
The Pudvahs move to strike counts eight, nine, twelve, and thirteen on the additional ground that the Pudvahs are not responsible for the defendant Caron's intentional acts. They argue that the harm to the minor plaintiff was caused by the intentional acts of the defendant Caron and therefore the harm was not within the risk created by their conduct. They contend that the plaintiff's must allege facts which would support a reasonable inference that the assault by the defendant Caron was within the scope of the fisk created by the Pudvahs' alleged negligence in allowing their son to possess alcohol. They argue that the plaintiff's have failed to allege any facts to support the conclusion that the Pudvahs knew or should have anticipated the harm of the general nature of that suffered by the minor CT Page 4971 plaintiff.
The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825 (1996). The sole inquiry is whether the plaintiffs' allegations, if proved. state a cause of action. Mingachos v. CBS, Inc., 196 Conn. 91, 108-09
(1985).
The defendants move to strike counts nine, eleven, thirteen and fifteen on the ground that they did not owe the plaintiff's a duty of care. The existence of a duty is a question of law and may properly be tested in a motion to strike. Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 171 (1988). "Where there is no legal duty, there can be no actionable negligence. Unless some relationship exists between the person injured and the defendant, by which the latter owes a duty to the former, there can be no liability for negligence." Neal v. Shiels, Inc.,166 Conn. 3, 12 (1974).
The Pudvahs argue that counts nine, eleven, thirteen and fifteen fail to sufficiently allege a cause of action in negligence under a theory of social host liability because Jason Pudvah was not a minor at the time of the events giving rise to the cause of action and because there is no allegation that they served alcohol to the minor plaintiff or the minor defendant.
"At common law it was the general rule that no tort cause of action lay against one who furnished, whether by sale or gift, intoxicating liquor to a person who thereby voluntarily became intoxicated and in consequence of his intoxication injured the person or property either of himself or of another. The reason generally given for the rule was that the proximate cause of the intoxication was not the furnishing of the liquor, but the consumption of it by the purchaser or donee. The rule was based on the obvious fact that one could not become intoxicated by reason of liquor furnished him if he did not drink it." Nolan v.Morelli, 154 Conn. 432, 436-37 (1967).
The Connecticut Supreme Court later modified the common law rule by holding that an adult serving alcohol to a minor may be CT Page 4972 liable for damages subsequently caused by the intoxicated minor.Ely v. Murphy, 207 Conn. 88 (1988). In Ely, the plaintiff, in his capacity as the administrator of the estate of his deceased son and in his individual capacity, brought an action seeking damages for his son's wrongful death. The defendant hosted a high school graduation party for his son at which he served beer. One of the guests became intoxicated and, upon departing the party in an automobile, struck and killed the plaintiff s decedent.
The court found that the trial court erred in granting the defendant's motion to strike that portion of the complaint alleging negligent service of alcohol. The court's reasoning was based on the determination that "minors are incompetent to assimilate responsibly the effects of alcohol and lack the legal capacity to do so . . ." Id., 95. Accordingly, the court held that a minor's "consumption of alcohol does not, as a matter of law, constitute the intervening act necessary to break the chain of proximate causation and does not, as a matter of law, insulate one who provides alcohol to minors from liability for ensuing injury." Id. Ely established a cause of action for liability of a social host or other purveyor of alcohol to a minor served by the social host or purveyor or to an innocent third person thereafter injured by the minor.
In Bohan v. Last, 236 Conn. 670 (1996), the administratrix of the estate of the minor decedent brought an action in which she alleged that the defendant intentionally, negligently and in violation of the Connecticut Dram Shop Act, General Statutes § 30-102, served or permitted the service of alcoholic beverages to a minor who, in driving a car while intoxicated, caused the death of the minor decedent.
The court addressed the issue of "whether there are circumstances under which a bar, the place where the intoxicated minor was served alcohol, may limit its potential liability by joining as defendants those patrons of the bar who, as social hosts or as purveyors of alcohol furnished alcoholic beverages to the minor." Id., 671. The court held that "adults have a duty to refrain from negligently or intentionally supplying alcohol to minors, whether such adults act as social hosts in their homes or as purveyors in a bar, because minors are presumed not to have the capacity to understand fully the risks associated with intoxication." Id., 681.
To state a valid claim under a theory of social host CT Page 4973 liability, then, the plaintiff's must allege that the Pudvahs supplied alcohol to a minor. This raises the issue of whether Jason Pudvah is a minor and, if so, whether the plaintiff's have sufficiently alleged that the Pudvahs supplied alcohol to a minor.
The plaintiff's allege that Jason Pudvah is eighteen years of age. "The ordinary meaning of the word `minor' is one who is under twenty-one years of age." State v. Taylor, 153 Conn. 72, 82
(1965). "Our common law also considers a minor to be any person under the age of twenty-one . . ." Id.; Altieri v. Altieri,21 Conn. Sup. 376, 377 (1959) (stating that "[a]ll parties are infants in legal contemplation until they have arrived at majority. Under the common law, which has been adopted in our jurisdiction, the age of majority is twenty-one years"). The Liquor Control Act, General Statutes § 30-1, et seq., defines a minor as "any person under twenty-one years of age." General Statutes § 30-1 (12).
The court concludes that, for purposes of a common law action against a social host for liability related to service of alcohol, a minor is anyone under the age of twenty-one. Accordingly, Jason Pudvah was a minor at the time of the alleged incident.
The next issue is whether it is essential to an action based on social host liability that the plaintiff plead that the defendant supplied alcohol to the minor. The plaintiff's correctly observe that Ely and Bohan state that those who serve or provide alcohol to a minor may be subject to liability therefor. The plaintiff's contend, however, that Bohan expands the "provision" requirement by holding that "it is appropriate to limit the common law liability of purveyors of alcohol to those who knew or had reason to know that they were making alcohol available to a minor." Bohan v. Last, supra, 236 Conn. 680. The plaintiff's assert that their allegation that the Pudvahs "knowingly made alcohol available" to their son "or allowed said son to possess alcohol" is legally sufficient under Bohan.
The court in Ely appears to have contemplated actual service of alcohol as a requisite to liability as indicated by the Bohan court's characterization of its decision in Ely. The Bohan court stated that in Ely "we concluded that a social host or other purveyor of alcohol will be liable, to the minor served or to innocent third parties thereafter injured, if a court or a jury CT Page 4974 finds, as a matter of fact, a proximate cause relationship between the service of alcohol and the damages ensuing from the minor's consumption of the alcohol." (Emphasis added.) Bohan v.Last, supra, 236 Conn. 677.
In LeBrun v. Callahan, Superior Court, judicial district of New Haven at New Haven, Docket No. 283355 (May 14, 1991) (Dorsey, J.), the plaintiff alleged in count four of the complaint that the injuries and death of her decedent were caused by the negligent acts of the defendant parents by allowing and then failing to supervise a party at their home where alcohol was served. The decedent had attended a party at the defendants' home which was hosted by the defendants' son. Certain defendants transported a keg of beer to the defendants' residence with the knowledge and consent of the defendants' son. One of the defendants, an invited guest became intoxicated and struck the decedent with a baseball bat causing fatal injuries.
In ruling on a motion to strike, the court determined that count four did not "support a cause of action for negligent service of alcohol to a minor since it failed to allege that the parents provided alcohol to any minor . . ." Id.; see alsoGesswin v. Vieira, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 515143 (November 9, 1994) (Allen, J.).
A determination that actual service or provision of alcohol is necessary predicate to social host liability is consistent with decisions of other jurisdictions that have addressed the issue. See Walker v. Kennedy, 338 N.W.2d 254, 255 (Minn. 1983) (stating that "[a]n essential element for social host liability is that the guest is `given or furnished' alcoholic beverages by the person from whom recovery is sought"); Reinert v. Dolezel,383 N.W.2d 148, 151 (Mich.App. 1985) (stating that "courts have extended liability to social hosts, based on statute or common law, only where the defendant host actively furnished or served the alcohol . . .").
The complaint alleges that the Pudvahs "knowingly made alcohol available" to their son or allowed him to "possess alcohol." The complaint is devoid of facts regarding how the Pudvahs made alcohol available to Jason Pudvah or in what way they allowed him to possess or have access to alcohol. A motion to strike "admits all facts well pleaded; it does not admit legalconclusions or the truth or accuracy of opinions stated in the CT Page 4975 pleadings." (Emphasis in original.) Mingachos v. CBS, Inc.,supra, 196 Conn. 108. Accordingly, even under the plaintiffs' expansive interpretation of Bohan, counts nine, eleven, thirteen and fifteen do not sufficiently allege a cause of action for negligence on the basis of social host liability.
The defendants contend that they owe no duty to the plaintiff's under a theory of negligent supervision because Jason Pudvah was an adult at the time of the incident in question. In so arguing, the defendants rely on Willard v. Brotz, Superior Courts judicial district of New Haven, Docket No. 283774, 1 CONN. L. RPTR. 822 (July 5, 1990) (Downey, J.) and General Statutes § 1-1d.[1]
The plaintiff's contend that Bohan supports a determination that Jason Pudvah was a minor. The plaintiff's refer to the Bohan
court's statements that the legislature has "repeatedly raised the minimum drinking age," Bohan v. Last, supra, 236 Conn. 677
n. 9, and that Connecticut's civil and criminal statutes reflect "a continuing and growing public awareness that children as a class are simply incompetent by reason of their youth and inexperience to deal responsibly with the effects of alcohol."Id., 677, quoting Ely v. Murphy, supra, 207 Conn. 94.
The court is not persuaded that Willard v. Brotz, supra,
Superior Court, Docket No. 283774, supports a determination that Jason Pudvah is an adult for purposes of establishing whether a duty of care exists. In Willard, the defendant parents of an eighteen year old son moved to strike the counts of the complaint alleging that they were negligent in failing to control their son and that they were liable to the plaintiff's under General Statutes § 52-572. In granting the motion to strike, the court relied on the definition of a minor under General Statutes § 1-1d, although the plaintiff did not object to the motion to strike the statutory cause of action. The court also relied on a Louisiana decision in which the court held that an eighteen year old child is not a minor. This court finds, however, that Jason Pudvah is a minor for purposes of determining whether the Pudvahs owed the plaintiff's a duty of care under the plaintiffs' common law cause of action for negligent supervision.
"Broadly stated, parents at common law are not liable for the torts of their minor children. To this general rule an exception has attached in situations where parents have failed to restrain their children who they know possess dangerous tendencies." CT Page 4976Gillespie v. Gallant, 24 Conn. Sup. 357, 359 (1963). "A parent is under a duty to exercise reasonable care so to control his minor child as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if the parent (a) knows or has reason to know that he has the ability to control his child, and (b) knows or should know of the necessity and opportunity for exercising such control. Id.; 2 Restatement (Second), Torts, Standard of Conduct § 316, p. 123 (1965).
In LeBrun v. Callahan, supra, Superior Court, Docket No. 283355, the court denied a motion to strike a count of the complaint which alleged that the injuries and death of the decedent were caused by the negligent acts of the defendant parents by allowing and then failing to supervise a party at their home where alcohol was served. In so ruling, the court found that the count sought to be stricken "contains language found in Restatement (Second) of Torts 316 which meet[s] the requirements of stating a negligent supervision claim." Id.
In Gesswin v. Vieira, supra, Superior Court, Docket No. 515143, the plaintiff alleged that he was struck and injured by two guests at a party hosted by the defendant's daughter. Count three alleged that the defendant parent was negligent in the supervision and maintenance of her daughter and her premises in that she allowed minor children to consume alcohol on her premises; allowed guests to become intoxicated: failed to provide adequate supervision to minor children; failed to provide proper and safe ingress and egress for guests; and failed to provide adequate security. The court granted the motion to strike count three on the ground that the plaintiff failed to allege that the defendant parent "knew or should have known that her daughter would hold a party where alcohol would be served." Id.
The test of the existence of a duty to use care is found in the foreseeability that harm may occur if care is not exercised.Neal v. Shiels, Inc., supra, 166 Conn. 13. Counts nine, eleven, thirteen and fifteen contain no allegations that the Pudvahs knew or should have known of the necessity of exercising control over Jason Pudvah's conduct so as to prevent his access to alcohol. These counts also fail to allege that the Pudvahs had the opportunity to exercise such control.
Accordingly, the plaintiff's do not state a cause of action for negligent supervision and the motion to strike counts nine, CT Page 4977 eleven, thirteen and fifteen should be granted.[2]
Connecticut does not recognize a cause of action for gross negligence. Decker v. Roberts, 125 Conn. 150, 157 (1939) (stating that "gross negligence has never been recognized in this state as a separate basis for liability in the law of torts. We have never recognized degrees of negligence as slight, ordinary, and gross in the law of torts"); Film v. Downing Perkins, Inc.,135 Conn. 524, 526 (1949).
The plaintiff's argue that there is a growing trend in Connecticut to recognize a cause of action in gross negligence in the furnishing alcohol to others. See, e.g., Kayser v.Stelmaszek, Superior Court, judicial district of Danbury, Docket No. 321805 (April 4, 1996) (Moraghan, J.) (16 CONN. L. RPTR. 409); Dufficy v. Mohring, Superior Court, judicial district of Danbury, Docket No. 311091 (December 7, 1993) (Moraghan, J.) (10 CONN. L. RPTR. 457); Sumara v. Loyal Order of Moose, Superior Court, judicial district of Tolland at Rockville, Docket No. 49012 (January 15, 1993) (McWeeny, J.) (8 CONN. L. RPTR. 230).
These cases rely on the furnishing of alcohol to one who, as a result of his intoxication, injures a third party and on factual allegations additional to mere service of alcohol. The complaint in this case alleges that the Pudvahs made alcohol available to Jason Pudvah or allowed him to possess it. Jason Pudvah is not alleged to have injured the minor plaintiff as a result of his intoxication and there is no allegation that the Pudvahs provided alcohol to the defendant Caron. The issues of causation raised by the allegations of the complaint are not properly resolved in a motion to strike.
Inasmuch as Connecticut courts have not recognized a cause of action for gross negligence in the fact situation presented in this case, the motion to strike counts eight, ten, twelve and fourteen should be granted.
For the reasons stated above, the court grants the defendants' motion to strike counts eight, nine, ten, eleven, twelve, thirteen, fourteen and fifteen.
HENDEL, J.