[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants have moved to strike the third count of the complaint, in which the plaintiff claims that the defendant attorneys violated the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110 et seq.
The defendants base their motion to strike on the position that the third count alleges negligence in the performance of professional services by attorneys and that Haynes v. Yale-NewHaven Hospital, 243 Conn. 17, 34-35 (1997), holds that professional negligence cannot be the basis for a CUTPA claim.
The plaintiff objects that the defendants have mischaracterized his claim, which he asserts concerns the business practices of the defendants.
The conduct that the plaintiff alleges constitutes a CUTPA violation is described in paragraph 15 of the third count of the complaint:
 Defendants have engaged in Unfair Trade Practices in violation of Section 42-110 et. seq. of the Connecticut Unfair Trade Practices Act by, inter alia, accepting payment for legal fees from the plaintiff without rendering a written fee agreement defining, detailing and communicating the scope of the matter which they agreed to undertake as required in accordance with Rule 1.5 of the Connecticut Rules of Professional Conduct, yet proceeding with the subject transaction with full knowledge that plaintiff was purchasing the said real estate and paying the costs associated therewith with his own funds, that he expected his interest in the property to be protected. Notwithstanding same, defendants failed to exercise any reasonable efforts whatsoever to ensure that plaintiff's interests were adequately secured, failed to inform him of the risks which they exposed him to, and failed to obtain plaintiff's consent after consultation to joint representation advising him of the adverse interests which existed relating thereto in violation of Rule 1.7 of the Connecticut Rules of Professional Conduct.
In other paragraphs of the complaint, incorporated by reference, the plaintiff alleges that the defendants were negligent and unethical in representing him in connection with the purchase of an interest in property and the recording of that interest. CT Page 1875
The function of a motion to strike is to test the legal sufficiency of the pleading. Practice Book § 152; Ferryman v.Groton, 212 Conn. 138, 142 (1989). In adjudicating a motion to strike, the court takes the facts to be those alleged in the pleading or provable under those allegations, which should be construed in the manner most favorable to sustaining the legal sufficiency of the complaint. Bohan v. Last, 236 Conn. 670, 675
(1996); Waters v. Autuori, 236 Conn. 820, 826 (1996); Sassone v.Lepore, 773, 780 (1993).
With regard to the provision of professional services by lawyers and doctors, the Connecticut Supreme Court has differentiated, between the "entrepreneurial or business aspects" of the services and the substance of the professional services themselves. Haynes v. Yale-New Haven Hospital, 243 Conn. 17, 33
(1997); Heslin v. Connecticut Law Clinic of Trantolo Trantolo,190 Conn. 510 (1983); Ivey, Barnum O'Mara v. Indian HarborProperties, Inc., 190 Conn. 528 (1983).
The Supreme Court ruled in Ivey, Barnum, supra, that the business practices of lawyers could be actionable under CUTPA. InHeslin, the Supreme Court observed that CUTPA enforcement did not unconstitutionally undermine the authority of the courts to regulate the ethical conduct of lawyers under the Code of Professional Responsibility. Heslin v. Connecticut Law Clinic ofTrantolo Trantolo, 190 Conn. at 525-26. The court noted that "CUTPA in no way relieves attorneys of the ethical duty imposed on them by the Code. For the conduct that CUTPA declares illegal, it provides distinctly separate remedies, different in purpose and in forum from the scheme of regulation envisaged by the Code." Id. The Supreme Court that "[a] priori, there is no reason why the code and CUTPA cannot coexist." Id.
Despite the statements in Heslin and Ivey, Barnum to the effect that CUTPA applies to unfair or unethical business practices of lawyers, the Appellate Court ruled in Noble v.Marshall, 23 Conn. App. 227, 230-31 (1990) that an unethical business practice is not actionable under CUTPA because a client could not bring a direct cause of action for violation of a provision of the Code of Professional Responsibility. The ruling in Noble does not cite the holding of the Supreme Court in Ivey,Barnum, 190 Conn. 532-537, in which the higher court found that business practices, namely, unfair billing practices, that could be characterized as violations of the Code, could be actionable CT Page 1876 under CUTPA if the claim "demonstrate[d] some nexus with the public interest." The Supreme Court in Ivey, Barnum notably did not conclude that the conduct that was unethical under the Code was exempt from CUTPA.
Since the Supreme Court has never either implicitly or explicitly abandoned its determination that an ethical violation may also be a CUTPA violation, this Court must reject the defendants' claim that no CUTPA liability exists for conduct that is unethical under the Code of Professional Responsibility.
The third count of the complaint commingles claims of professional malpractice and claims of unethical business practices. The former are not actionable under CUTPA; the latter are. Practice Book § 152 authorizes the striking of a whole complaint or a count thereof. It does not authorize striking portions of a count. The defendants did not file a request to revise in order to separate the negligence claims from the claims of unethical business practices. Since this court cannot conclude that there is no set of facts provable under the third count that would constitute a violation of CUTPA, see Bohan v. Last,236 Conn. at 674-75, the motion to strike the third count is denied.
BEVERLY J. HODGSON JUDGE OF THE SUPERIOR COURT