[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendants, Stop Shop and Safe Strap, Inc., have moved to strike the second, third, fourth, eighth, ninth and tenth counts of the complaint on the ground that they fail to set forth cognizable causes of action. The plaintiff Alicia Peloquin, a minor, by her mother and next friend, Susan Peloquin, seeks money damages for injuries she alleges she sustained when the child safety seat in a supermarket shopping cart collapsed. Susan CT Page 6570 Peloquin claims monetary loss for her daughter's medical expenses.
Standard of Review
The function of a motion to strike is to test the legal sufficiency of the allegations of a complaint to state a claim upon which relief can be granted. Novametrix Medical Systems,Inc. v. BOC Group, Inc. 224 Conn. 210, 214-15 (1992); Practice Book § 10-39; Ferryman v. Groton. 212 Conn. 138, 142 (1989). In adjudicating in a motion to strike, the court must construe the facts in the complaint most favorably to the plaintiff. Bohanv. Last, 236 Conn. 670, 675 (1996); Sassone v. Lepore,226 Conn. 773, 780 (1993) Novametrix Medical Systems, Inc. v. BOC Group,Inc., 224 Conn. at 215; Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170 (1988).
Second and Eighth Counts
The plaintiff conceded at oral argument that the conduct alleged in these counts constitutes neither a public nor a private nuisance. The motion to strike is granted as to the second and eighth counts.
Fourth and Tenth Counts
In the fourth and tenth counts of the complaint the plaintiffs seek damages as to a claim that defendant Stop Shop is liable under the Connecticut Product Liability Act. The plaintiffs allege at paragraph 3 that Stop Shop "operated, maintained and controlled" the shopping cart and safety seat at issue for the use of shoppers at its grocery store. The motion to strike these claims is based on the point that none of the facts alleged identify Stop Shop as a "product seller" within the meaning of the Product Liability Act, and that no cognizable claim has therefore been stated in these two counts.
Conn. Gen. Stat § 52-572n(a) provides that a product liability claim may be asserted and shall be in lieu of all other claims against product sellers . . ." "Product seller" is defined as "any person or entity, including a manufacturer, wholesale distributor or retailer who is engaged in the business of selling such products whether the sale is for resale or for use or consumption." The definition provides that "product seller" also includes "lessors or bailors who are engaged in the business of CT Page 6571 leasing or bailment of products." See Conn. Gen. Stat. §52-572m(a). The plaintiffs have not alleged that Stop Shop sold infant seats in or out of shopping carts, rather, they take the position that the furnishing of shopping carts for the use of shoppers constitutes a bailment.
A bailment is "a delivery of goods in trust, upon a contract, express or implied, that the trust shall be faithfully executed on the part of the bailee." B. A. Ballou Co.v. Citytrust,218 Conn. 749, 753 n. 2. (1991). The furnishing of a shopping cart on an implied promise to return it after use may certainly be characterized as a bailment. The issue with regard to the applicability of the Product Liability Act is, however, whether Stop Shop was "engaged in the business of . . . bailment of products." The business of Stop Shop is not alleged to be furnishing shopping carts; rather, it is a seller of groceries and household items. The plaintiffs assert that because Stop 
Shop furnishes shopping carts without charge to its customers in order to facilitate their making of purchases, the bailment of shopping carts is part of its business.
The Product Liability Act definition of "product seller" does not, on its face, make a business that supplies an item as a bailment a "product seller" unless the business is "engaged in the business of leasing or bailment of products."
The plaintiff cites a case, Morales v. Minchin, 16 CONN. L. RPTR. 106 (1995), in which a Superior Court judge found that a defendant engaged in furnishing dumpsters for hire could potentially be found to be a product seller within the scope of the Product Liability Act. That case does not support the proposition that any business that supplies devices or conveniences to customers is in "the business of " bailment of products, since supplying dumpsters was in fact the business pursuit of the defendant, not an ancillary convenience.
In construing any statute, courts seek to ascertain and give effect to the apparent intent of the legislature. UnitedIlluminating Co. v. Groppo, 220 Conn. 749, 755 (1992). It is a well-established principle of statutory construction that legislative intent as to the meaning or scope of a statute is to be determined by an analysis of the language actually used in the legislation. Vaillancourt v. New Britain Machine/Litton,224 Conn. 382, 391 (1993); Caltabiano v. Planning ZoningCommission, 211 Conn. 662, 666 (1989). Applying that standard, CT Page 6572 this court finds that the plaintiffs have not alleged facts that would support a finding that Stop Shop was engaged in the business of bailment of shopping carts. At most, that bailment is incidental to the business of selling other products. The language of the statute does not broadly cover all bailments by business entities but only those by entities whose business consists of bailment of products.
Third and Ninth Counts
In the third and ninth counts of the complaint, the plaintiffs allege that defendant Stop Shop is liable for designing, assembling, installing or maintaining a safety seat in one of its shopping carts. The plaintiff alleges that the product was defective, that it caused her injury, and that Stop Shop is liable to her. The plaintiff does not invoke the Product Liability Act but is apparently pleading a common law cause of action for furnishing a defective product. Since premises liability is alleged in the first count, the third count cannot be interpreted as an allegation of negligence in maintaining the business premises; rather, it appears to be an attempt to plead a common law cause of action for product liability. Since Conn. Gen. Stat. § 52-572n provides that a product liability claim "as provided in sections 52-240a, 52-240b, 52-572m to 52-572q, inclusive, and 52-577a . . . shall be in lieu of all other claims against product sellers, " these counts are stricken. See WinslowLewis-Shepard, Inc., 212 Conn. 462, 471 (1989).
Conclusion
For the foregoing reasons, the motion to strike the second, third, fourth, eighth, ninth and tenth counts of the complaint is granted.
HODGSON, J.