MARY F. BOHAN, ADMINISTRATRIX (ESTATE OF
THOMAS F. BOHAN) *v.* JOHN J. LAST ET AL.
(15232)

Peters, C. J., and Callahan, Borden, Berdon and Palmer, Js.

Argued February 15—officially released April 23, 1996

*Ira B. Grudberg*, with whom was *David A. Leff*, for the appellants (defendants).

*Mark R. Kravitz*, with whom was *Kevin M. Kennedy*, for the appellee (plaintiff).

PETERS, C. J. The dispositive issue in this civil action lies at the intersection of two lines of authority, one that, as a matter of common law duty, requires adults to exercise caution in supplying alcoholic beverages to intoxicated minors, and the other that, as a matter of statutory law, permits tortfeasors to diminish their liability for their own tortious conduct by requiring the apportionment of liability among all tortfeasors. The issue arises out of a motor vehicle accident in which an intoxicated minor caused a one car crash that led to the death of a passenger in the car that the minor was operating. In this wrongful death action, the operative question before us is whether there are circumstances under which a bar, the place where the intoxicated minor was served alcohol, may limit its potential liability by joining as defendants those patrons of the bar who, as social hosts or as purveyors of alcohol, furnished alcoholic beverages to the minor. Contrary to the ruling of the trial court, we conclude that a third party complaint joining such patrons states a cognizable cause of action.

The plaintiff, Mary F. Bohan, administratrix of the estate of Thomas F. Bohan (Bohan), filed a three count complaint against the defendants John J. Last and Randall's, Inc.,[1] in which she alleged that the defendants had intentionally, negligently and in violation of the Connecticut Dram Shop Act, General Statutes § 30-102,[2] served or permitted the service of alcoholic beverages to Anthony W. Ferro, a minor, and that Ferro, when driving a car while intoxicated, had caused Bohan's death. Pursuant to General Statutes §§ 52-102 and 52-572h (c) and (d)[3] and Practice

---

[1] Randall's, Inc., is a Connecticut corporation that operates a West Haven bar called Randall's Restaurant. John J. Last is the permittee of the bar.

[2] General Statutes § 30-102 provides in relevant part: "Dram Shop Act; liquor seller liable for damage by intoxicated person. If any person, by himself or his agent, sells any alcoholic liquor to an intoxicated person, and such purchaser, in consequence of such intoxication, thereafter injures the person or property of another, such seller shall pay just damages to the person injured, up to the amount of twenty thousand dollars, or to persons injured in consequence of such intoxication up to an aggregate amount of fifty thousand dollars, to be recovered in an action under this section . . . ."

[3] General Statutes § 52-102 provides: "Joinder of persons with interest adverse to plaintiff and of necessary persons. Upon motion made by any party or nonparty to a civil action, the person named in the party's motion or the nonparty so moving, as the case may be, (1) may be made a party by the court if that person has or claims an interest in the controversy, or any part thereof, adverse to the plaintiff, or (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein; provided no person who is immune from liability shall be made a defendant in the controversy."

General Statutes § 52-572h provides in relevant part: "Negligence actions. Doctrines applicable. Liability of multiple tortfeasors for damages. . . .

"(c) In a negligence action to recover damages resulting from personal injury, wrongful death or damage to property occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable noneconomic damages except as provided in subsection (g) of this section.

"(d) The proportionate share of damages for which each party is liable is calculated by multiplying the recoverable economic damages and the recoverable noneconomic damages by a fraction in which the numerator is the party's percentage of negligence, which percentage shall be determined pursuant to subsection (f) of this section, and the denominator is the total

Book § 103,[4] the defendants moved to cite in four additional defendants in order to permit a determination of the proportionate share of damages for which each defendant might be liable. The additional defendants sought to be joined were Ferro and three patrons of Randall's Restaurant,[5] namely, Michael Piroli, Michael Simeone and Michael Lombardi, each of whom allegedly had provided alcohol to Ferro. The trial court, *Fracasse, J.*, permitted the joinder of the additional defendants but expressly declined to rule on the substantive merits of the defendants' third party complaint.

The plaintiff moved to strike those portions of the defendants' third party complaint that alleged tortious liability on the part of Piroli, Simeone and Lombardi.[6]

of the percentages of negligence, which percentages shall be determined pursuant to subsection (f) of this section, to be attributable to all parties whose negligent actions were a proximate cause of the injury, death or damage to property including settled or released persons under subsection (n) of this section. Any percentage of negligence attributable to the claimant shall not be included in the denominator of the fraction. . . .

"(h) (1) A right of contribution exists in parties who, pursuant to subsection (g) of this section are required to pay more than their proportionate share of such judgment. The total recovery by a party seeking contribution shall be limited to the amount paid by such party in excess of such party's proportionate share of such judgment.

"(2) An action for contribution shall be brought within two years after the party seeking contribution has made the final payment in excess of his proportionate share of the claim."

The current provisions of § 52-572h were enacted as part of the tort reform acts of 1986; Public Acts 1986, No. 86-338, § 3; and of 1987. Public Acts 1987, No. 87-227, § 3.

[4] Practice Book § 103 provides: "—Motion To Cite in New Parties

"Any motion to cite in or admit new parties must comply with Sec. 196 and state briefly the grounds upon which it is made."

[5] See footnote 1.

[6] The plaintiff did not contest the propriety of the defendants' claims with respect to Ferro. The plaintiff has settled with Ferro and has released him from further liability. The plaintiff does not dispute that, in the apportionment of liability among the defendants, a finder of fact may nonetheless consider Ferro's relative responsibility for the death of Bohan. See General Statutes § 52-572h (n).

The defendants' complaint alleged that these three individuals were social acquaintances of Ferro who had engaged in tortious conduct by intentionally or negligently causing alcohol to be furnished to him at Randall's Restaurant.[7] The trial court, *Hodgson, J.*, granted the plaintiff's motion to strike those counts of the defendants' complaint that were directed toward Piroli, Simeone and Lombardi.

The defendants then filed a substitute third party complaint with respect to the relevant counts, in which they alleged that Simeone and Lombardi[8] had acted tortiously in their capacities as social hosts and as purveyors of alcohol to Ferro. In response, the plaintiff first filed a request to revise, alleging that the substitute complaint did not differ substantially from the previously filed complaint. After the trial court, *Fracasse, J.*, sustained the defendants' objection to the request to revise, the plaintiff moved to strike the relevant counts of the defendants' substitute complaint. The trial court, *Hodgson, J.*, granted the plaintiff's motion and thereafter rendered judgment against the defendants. The defendants appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c). We reverse the judgment of the trial court.

In an appeal from a judgment granting a motion to strike, we operate in accordance with well established principles. We take the facts to be those alleged in the complaint that has been stricken and we construe the complaint in the manner most favorable to sustaining its legal sufficiency. *Sassone* v. *Lepore*, 226 Conn. 773,

[7] In a letter dated December 6, 1993, the plaintiff informed the defendants that she "will not pursue any claims arising out of the facts alleged in this case against [Piroli, Simeone or Lombardi]."

[8] The record does not disclose why Piroli was not named as a defendant in the substitute complaint.

780, 629 A.2d 357 (1993); *Michaud* v. *Wawruck*, 209 Conn. 407, 408, 551 A.2d 738 (1988).

In this case, the facts alleged are notable for their sparsity. For the purposes of our ruling, we assume that the defendants will be able to establish that, on August 11, 1991, Ferro was a minor who had been permitted entry into Randall's Restaurant, a bar where alcoholic beverages were being served. The defendants do not allege, however, that Ferro's presence at Randall's Restaurant resulted from the conduct of Simeone or Lombardi, singly or jointly, in inviting Ferro to accompany them there or to meet them there. At oral argument in this court, counsel for the defendants expressly disavowed any claim that Simeone and Lombardi had acted as "social hosts" in that sense.

The crucial factual allegations in the defendants' substitute complaint are, therefore, the allegations that Simeone and Lombardi acted as purveyors of alcoholic beverages to Ferro. The complaint alleges only that each of these men tortiously "procured alcoholic beverages and gave and purveyed them" to Ferro. The complaint's only other relevant allegations state nothing more than that, "by procuring and purveying alcoholic beverages to Anthony Ferro, a minor," Simeone and Lombardi "contributed to and helped cause the behavior of Anthony Ferro, and further contributed to the injuries and death of Thomas F. Bohan." In counts three and five, Simeone and Lombardi are alleged to have engaged in negligent misconduct, and in counts four and six, each is alleged to have engaged in intentional tortious misconduct.

For their claim that their substitute complaint states a cognizable cause of action, the defendants rely on the following allegations of fact and law. Ferro was the driver of a car that was involved in a one car collision that resulted in the death of the passenger in the car,

Bohan. At the time of the accident, Ferro was a minor and was intoxicated. On the night of the accident, Simeone and Lombardi purveyed alcoholic beverages to Ferro at Randall's Restaurant. The alcohol that Simeone and Lombardi purveyed to Ferro caused Ferro to become intoxicated. Ferro's intoxication was the cause of the one car collision. According to the defendants, these allegations are sufficient to allow them to pursue the claim that Simeone and Lombardi bear some legal responsibility for Bohan's death.

For many years, the law of this state provided broad immunity from legal liability for those who contribute to the carnage that drunk drivers inflict on innocent users of our highways and byways. Although we have never held that purveyors of alcohol have no common law duty to exercise due care to protect the foreseeable victims of those who drink and drive, we have, nonetheless, declined to recognize a claim in negligence. Such a claim " 'has uniformly failed for the reason that the subsequent injury has been held to have been proximately caused by the intervening act of the immoderate consumer whose voluntary and imprudent consumption of the beverage brings about intoxication and the subsequent injury.' " *Quinnett* v. *Newman*, 213 Conn. 343, 345–46, 568 A.2d 786 (1990); *Boehm* v. *Kish*, 201 Conn. 385, 389, 517 A.2d 624 (1986); *Kowal* v. *Hofher*, 181 Conn. 355, 357–58, 436 A.2d 1 (1980); *Slicer* v. *Quigley*, 180 Conn. 252, 255–56, 429 A.2d 855 (1980); *Nelson* v. *Steffens*, 170 Conn. 356, 358, 365 A.2d 1174 (1976); *Moore* v. *Bunk*, 154 Conn. 644, 647, 228 A.2d 510 (1967); *Nolan* v. *Morelli*, 154 Conn. 432, 436–37, 226 A.2d 383 (1967). Until recently, the only derogation of this rule of common law immunity was the limited statutory remedy provided by the Dram Shop Act, presently codified at § 30-102. See footnote 2.

In *Ely* v. *Murphy*, 207 Conn. 88, 540 A.2d 54 (1988), we reexamined the logic of our common law decisions

in the context of the liability of social hosts who allegedly had provided alcohol to underage guests at a graduation "keg" party. For two interrelated reasons, we concluded that the hosts were liable in tort because one of the minor guests, who was intoxicated, drove his car and killed another guest as both he and the victim were leaving the party. First, we questioned whether, in the case of a minor, there was logic to the common law presumption that intoxication results from the voluntary conduct of a person who has exercised a knowing and intelligent choice to consume intoxicating liquor. Id., 93–94. We noted that, in other areas of the law, minors have been held not to have assumed the same degree of responsibility as we assign to adults. Id., 97; see, e.g., *Blancato* v. *Feldspar Corp.*, 203 Conn. 34, 40–41, 522 A.2d 1235 (1987) (minor exempted from exclusive operation of workers' compensation law because of youth and immaturity in context of illegal and hazardous employment). Second, we found it persuasive that our state's public policy, as manifested in numerous relevant civil and criminal statutes,[9] "reflect[s] a continuing and growing public awareness and concern that children as a class are simply incompetent by reason of their youth and inexperience to deal responsibly with the effects of alcohol." *Ely* v. *Murphy*, supra, 94. With respect to minors, therefore, we concluded that a social host or other purveyor of alcohol will be liable, to the minor served or to innocent third parties thereafter injured, if a court or a jury finds, as a matter of fact, a proximate cause relationship between the service of alcohol and the damages ensuing from the minor's consumption of the alcohol.[10] Id., 97.

---

[9] For example, with limited exceptions, General Statutes § 30-86 imposes criminal liability upon "[a]ny person who delivers or gives [alcoholic] liquors" to a minor. General Statutes § 30-89 imposes criminal liability upon a minor who purchases alcoholic liquor or even possesses alcoholic liquor in a public place. The legislature has repeatedly raised the minimum drinking age, which is now twenty-one. See General Statutes § 30-1 (12).

[10] For the issue of proximate cause, we relied on the standard of 2 Restatement (Second), Torts § 442 B (1965), which we first adopted in *Merhi*

Applying the principles of *Ely* v. *Murphy*, supra, 207 Conn. 88, to the circumstances of this case, we conclude that the defendants' substitute complaint against Simeone and Lombardi states a cause of action. Simeone and Lombardi are alleged to have acted as purveyors of alcohol to Ferro. We disagree with the plaintiff's contention that the term "purveyor" is inherently limited, as a matter of law, to those who prearrange to provide goods and services, but we agree that merely socializing at a bar does not suffice. At this juncture, it is premature to speculate about the manner in which Simeone and Lombardi acted as purveyors, about their negligence or intentional misconduct, or about the causal connection between their misconduct and the accident that took Bohan's life. As in *Ely*, the only issue now before us is whether the plaintiff's motion to strike was properly granted.

It is no great extension of *Ely* v. *Murphy*, supra, 207 Conn. 97, to hold that, under some circumstances, purveyors of alcohol to minors at a bar may be liable to such minors, or to innocent third parties, even if the purveyors do not act as social hosts. Wherever minors become intoxicated, whether in a bar or in a private residence, they are unlikely to appreciate fully the consequences of their intoxication. Wherever minors become intoxicated, their subsequent intoxicated misconduct creates a risk of personal injury and death not only to themselves, but also, as in *Ely* and as in this case, to innocent third parties. In light of *Ely*, we disagree, therefore, with the conclusion of the trial court that only a permittee bears legal responsibility for the service of alcohol to minors in a bar.

v. *Becker*, 164 Conn. 516, 521–22, 325 A.2d 270 (1973), and have reiterated on numerous occasions thereafter. See, e.g., *Stewart* v. *Federated Dept. Stores, Inc.*, 234 Conn. 597, 607–608, 662 A.2d 753 (1995); *Doe* v. *Manheimer*, 212 Conn. 748, 759, 563 A.2d 699 (1989); *Coburn* v. *Lenox Homes, Inc.*, 186 Conn. 370, 383–84, 441 A.2d 620 (1982).

The reasoning of *Ely* v. *Murphy*, supra, 207 Conn. 93–95, equally refutes the plaintiff's contention that holding a purveyor of alcohol liable for injury to innocent third parties would be inconsistent with the general rule of law that, "absent a special relationship of custody or control, there is no duty to protect a third person from the conduct of another. See 2 Restatement (Second), Torts § 315 (1965); F. Harper, F. James & O. Gray, The Law of Torts (2d Ed. 1986) § 18.7; W. Prosser & W. Keeton, Torts (5th Ed. 1984) § 56." *Kaminski* v. *Fairfield*, 216 Conn. 29, 33–34, 578 A.2d 1048 (1990). The fact that the common law imposes no duty to act as a good Samaritan does not confer immunity on those who negligently choose to act. If the conduct of a negligent actor "creates the risk of a particular harm and is a substantial factor in causing that harm, the fact that the harm is brought about through the intervention of another force does not relieve the actor of liability, except where the harm is intentionally caused by a third person and is not within the scope of the risk created by the actor's conduct." *Merhi* v. *Becker*, 164 Conn. 516, 522, 325 A.2d 270 (1973); 2 Restatement (Second), supra, § 442 B; see also 2 Restatement (Second), supra, § 435 (1) and cases cited in footnote 10 of this opinion. We reaffirmed this principle in *Ely* v. *Murphy*, supra, 97, and reaffirm it again today. In appropriate circumstances, a purveyor of alcohol to a minor is liable not because he has custodial control over, or a special relationship with, the minor, but because he has negligently plied the minor with alcohol.[11]

[11] Cases such as *McGee* v. *Chalfant*, 248 Kan. 434, 442, 806 P.2d 980 (1991), and *Stepnes* v. *Adams*, 452 N.W.2d 256, 258–59 (Minn. App. 1990), which the plaintiff cited to the trial court, do not address the issue before us because they involve defendants who allegedly permitted a tortfeasor to drive while drunk rather than defendants who supplied alcohol to a drunk driver. It is telling that the plaintiff has cited no cases to this court in support of the proposition that, as a matter of law, a negligent purveyor of alcohol to a minor bears no responsibility for the consequences of the minor's drunken driving.

We are persuaded, however, that the common law liability of purveyors at a bar differs from that of social hosts in one significant respect. In *Ely* v. *Murphy*, supra, 207 Conn. 89, in which the adult hosts knowingly served beer at a high school graduation open house, it was reasonable to presume that they knew or had reason to know that a significant number of their guests were minors. Such a presumption is not equally plausible when social acquaintances gather casually at a bar. We conclude, therefore, that the defendants' substitute third party complaint is cognizable only if we construe it to allege that, in purveying alcohol to Ferro, Simeone and Lombardi knew, or had reason to know, that Ferro was not old enough to drink alcoholic beverages legally at the time when they purveyed alcohol to him at Randall's Restaurant.

We recognize that, in *Ely* v. *Murphy*, supra, 207 Conn. 93, we relied on statutory embodiments of public policy that impose criminal liability without regard to scienter. General Statutes § 30-86, for example, subjects "[a]ny person who delivers or gives [alcoholic] liquors" to a minor to a fine of "not more than one thousand five hundred dollars or [imprisonment of] not more than eighteen months, or both." We nonetheless hold that it is appropriate to limit the common law liability of purveyors of alcohol to those who knew or had reason to know that they were making alcohol available to a minor. On numerous occasions, we have reexamined and readjusted our common law principles to assure a proper and harmonious accommodation between judge made law and statutory law. See, e.g., *Fahy* v. *Fahy*, 227 Conn. 505, 513–16, 630 A.2d 1328 (1993) (statutory rules governing support orders as source of common law rules governing alimony orders); *Hamm* v. *Taylor*, 180 Conn. 491, 494–95, 429 A.2d 946 (1980) (statutory rules governing commercial transactions as source of common law rules governing real property transac-

tions). We have never held, however, that such a realignment of common law principles requires the common law to mirror every aspect of the comparable statutory law, and we decline so to hold today.

We conclude, therefore, that the substitute third party complaint filed by the defendants against Simeone and Lombardi states a cognizable cause of action. In appropriate circumstances, adults have a duty to refrain from negligently or intentionally supplying alcohol to minors, whether such adults act as social hosts in their homes or as purveyors in a bar, because minors are presumed not to have the capacity to understand fully the risks associated with intoxication. In accordance with well established principles of proximate cause, this common law duty encompasses responsibility to innocent third party victims of intoxicated minors, such as Ferro's unfortunate passenger in this case. We are not, however, prepared to engraft strict liability on this common law duty. Accordingly, we hold further that, unless the purveyors of alcohol knew or had reason to know that the person to whom they supplied alcohol was a minor, they have no common law duty to third party victims of the minor's intoxication.

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other justices concurred.