[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-captioned case comes before this court on the plaintiff's motion to strike the revised counterclaim and special defenses filed by the defendant, Bradley Memorial Hospital ("hospital"). At the time of oral argument, only part of the file had been located. The court has since located the complete file and has reviewed the relevant pleadings and briefs referred to by counsel at oral argument.
The plaintiff's initial complaint contained multiple claims that have been the subject of a motion to strike. The plaintiff's substituted complaint is a one-count complaint in which the plaintiff seeks a declaratory judgment to the effect that the hospital failed to comply with its own by-laws in subjecting him to a censure upon an allegation that he had created a sexually discriminatory work environment by sending a particular Valentine card to a hospital employee. The plaintiff, a physician who is chief of the gastroenterology section of the hospital's department of medicine, but who is not a hospital employee, also seeks expungement of the "evidence of such disciplinary action." The plaintiff claims that the by-laws preclude disciplinary action against non-employees on issues other than patient care.
The defendant hospital filed amended special defenses and a revised counterclaim. These filings are the subject of the motions to strike now before this court.
Standard for Granting Motion to Strike
Upon a motion to strike, the allegations of the pleader are to be construed in the manner most favorable to sustaining the CT Page 5370-NNNN legal sufficiency of the pleading. Bohan v. Last, 236 Conn. 670,674 (1996); Sassone v. Lepore, 226 Conn. 773, 780 (1993); Michaudv. Wawruck, 209 Conn. 407, 408 (1988).
Motion to Strike Special Defenses
 First Special Defense. In its first special defense, the hospital asserts that the plaintiff lacks standing to claim that the hospital acted ultra vires. The hospital invokes General Statutes § 33-292 and alleges that only certain parties may maintain claims of ultra vires conduct. A fair reading of the plaintiff's complaint reveals that the plaintiff has not charged ultra vires conduct but only violation of the portion of the by-laws which the plaintiff asserts entitled him to be subjected to what he considers to be disciplinary action only in certain circumstances. The plaintiff has stated plainly in his motion to strike that the defendant has misconstrued his claim.
The hospital's invocation of a doctrine not applicable to any claim actually being made by the plaintiff is legally insufficient for the simple reason that it is irrelevant to the claim made. The hospital has not claimed that the plaintiff lacks standing to assert breach of portions of its by-laws concerning fair treatment of physicians with admitting privileges.
Second Third, Fourth and Fifth Special Defenses. The gravamen of the hospital's second, third, fourth and fifth special defenses is that its actions were compelled by its obligation under state and federal anti-discrimination law to prevent the creation of sexually charged or sexually hostile working environments so that its employees would not be discriminated against on the basis of sex. The hospital does not allege that these obligations required it to abandon the by-laws invoked by the plaintiff, nor does the hospital assert that the by-laws were in conflict with the requirements of Title VII or of Conn. Gen. Stat. § 46a-60.
Since the plaintiff has alleged that the hospital's authority to act is restricted to the subjects covered by its by-laws, these special defenses, though verbose and inartful, allege in essence that the hospital has sources of obligations other than the by-laws and was acting as required by those obligations. These special defenses therefore are sufficient to state reasons why the declaratory judgment sought by the plaintiff is unwarranted, the function served by a special defense pursuant to CT Page 5370-OOOO Practice Book § 164.
Sixth and Seventh Special Defenses
In its sixth and seventh special defenses, the hospital claims that certain relief claimed by the plaintiff is prohibited by state regulations concerning record-keeping upon complaints of discrimination in employment. This claim is a proper use of a special defense to assert the legal unavailability of the remedy sought pursuant to Practice Book § 164. While, as the plaintiff suggests, the defendant could have raised this claim by moving to strike that claim for relief, that procedure is not the exclusive way to raise the issue; the defendant may also do so by seeking to prevail on its own special defense.
Eighth Special Defense
In its eighth special defense the defendant claims that the plaintiff acted "in a fraudulent manner" in responding to the hospital's investigation of an employee's complaint of discrimination. The defendant has not pleaded that an employee who fails to cooperate with an investigation loses entitlement to such procedures and safeguards as are set forth in hospital by-laws. Without such an allegation, the defendant has failed to assert facts that show that the plaintiff has no cause of action, and the statements therefore are not properly asserted as a special defense pursuant to Practice Book § 164.
Ninth Special Defense
In this special defense the defendant asserts that the plaintiff acted illegally by sexually harassing a hospital employee. The defendant has not alleged and, at oral argument, did not take the position that if the hospital finds conduct discriminatory it is not bound by hospital by-laws in the manner in which it addresses the conduct. Accordingly, the special defense does not set forth facts that show that the plaintiff has no cause of action, and the statements are not therefore properly asserted as a special defense pursuant to Practice Book § 164.
Motion to Strike Revised Counterclaim
The defendant's five-count revised "counterclaim" is an extremely unusual document. It sets forth as "counts" the hospital's statement of its duty to enforce anti-discrimination laws and to retain documents concerning complaints and then seeks CT Page 5370-PPPP a declaration as to whether it behaved properly with regard to the plaintiff.
The defendant makes no claim against the plaintiff but merely seeks a declaration that his claims are without merit. The defendant has alleged no interest, legal or equitable, that it is in danger of losing, nor does it allege uncertainty as to its own rights, powers, privileges or immunities. Courts may render declaratory judgments only where a party asserts that its legal rights are in danger of loss or uncertainty. Practice Book § 390. Since the dispute at issue, moreover, concerns completed actions and not prospective ones, declaratory judgment is not appropriate. P.B. § 390(c) permits the court to leave parties to seek redress by other forms of proceeding. This court finds that the suitable other form of proceeding is to allow the defendant to defend the plaintiff's claim of violation of his claimed rights including assertion of its special defense of a claimed statutory duty to maintain a record of the discrimination complaint and its response to it.
Conclusion
The motion to strike the defendant's special defenses is granted as to the first, eighth and ninth special defenses and is denied as to the remaining special defenses. The motion to strike the counterclaim is granted.
Beverly Hodgson Judge of the Superior Court