[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendants have moved to strike all ten counts of the plaintiff's amended complaint, in which the plaintiff seeks damages for allegedly faulty home improvements.
The first ground alleged in support of the motion is that the plaintiff has inconsistently pleaded in some counts that he entered into an oral agreement with defendant LL Builders, Inc. and in some counts that the agreement was with Richard A. Lindquist, Jr. CT Page 6054
It appears that there may be an ambiguity whether Lindquist was entering into the contract on his own behalf or on behalf of a corporation. Connecticut rules of practice permit pleading in the alternative. See P. B. § 10-25, formerly P.B. § 137. The complaint is sufficient to advise each defendant of the claims raised by the plaintiff against each party.
The defendants further assert that the plaintiff has not stated a cause of action under the Connecticut Unfair Trade Practice Act ("CUTPA") in the seventh, eighth, ninth and tenth counts of the amended complaint because he has not alleged in so many words that the acts complained of "were performed in a trade or business." While the allegations of the challenged counts do not specifically contain the cited phrase, the facts alleged indicate that the defendants were home contractors contracting to do home repairs and that they were in the business of doing home repairs. Such allegations are sufficient to state claims under CUTPA, within the pleading standard set forth by the Connecticut Supreme Court regarding motions to strike in Bohan v. Last,236 Conn. 670 (1996).
The defendants further argue that the claims stated in the ninth and tenth counts at paragraph 11(b) and 9(b) respectively must be stricken because a mere breach of contract does not constitute a CUTPA violation. Conn. Gen. Stat. § 42-110b(b) provides that in interpreting CUTPA, Connecticut's courts shall be guided by interpretations given by the Federal Trade Commission and the federal courts to Section 5(a)(1) of the Federal Trade Commission Act, 15 U.S.C. § 45 (a)(1), as amended. The federal courts have held that "a simple breach of contract, even if intentional, does not amount to a violation of the Act; a [claimant] must show substantial aggravating circumstances attending the breach to recover under the Act . . ." Bartolomew v. S.B. Thomas, Inc., 889 F.2d 530, 535
(4th Cir. 1989); United Roasters, Inc. v. Colgate-Palmolive Co.,649 F.2d 985, 992 (4th Cir. 1981). See also Emlee EquipmentLeasing Corp. v. Waterbury Transmission, Inc., 41 Conn. Sup. 575,580 (1991).
While nonperformance of contractual obligations may be part of an overall course of conduct constituting an unfair trade practice, the plaintiff has alleged that breach of contract alone is a separate violation of CUTPA. Federal case law, the mandated point of reference, does not support this interpretation. CT Page 6055
Conclusion
The motion to strike is granted as to the claim set forth at the ninth count at paragraph 11(b) and at the tenth count at paragraph 9(b). The motion to strike is denied in all other respects.
BEVERLY J. HODGSON JUDGE OF THE SUPERIOR COURT