[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has filed a motion titled "Motion to Strike Amended Answer and Special Defenses." The text of the motion is, however, addressed only to the special defenses.
The plaintiff, who has appeared Pro Se, reveals in his brief a misunderstanding of the function of a motion to strike. Adjudications of such motions do not constitute a finding on the merits of a claim or defense but only whether the allegations in the pleadings state a claim of defense that is a legally recognized claim of defense that the pleader may submit to the judge or jury at trial. Practice Book § 10-39 (formerly § 152). The defendant has perhaps contributed to the plaintiff's confusion about the nature of the motion by filing a brief in which he has argued the merits of the claims rather than their legal sufficiency. "Legal sufficiency" means whether the allegations stated constitute a legally recognized defense if that defense is ultimately proven at trial.
It is useful to consider the legal sufficiency of each special defense in turn.
First Special Defense
The entire text of the first special defense is as follows:
"The complaint fails to state a cause of action for breach of contract against an attorney." As § 10-50 of Practice Book indicates, legal doctrines that defeat a plaintiff's claim may be asserted in a special defense. The Connecticut Supreme Court has ruled that in certain circumstances, an attorney may be liable for breach of contract as well as for negligence. Stowe v. Smith,184 Conn. 194, 199 (1981). The defendant states a cognizable defense in alleging that the conduct complained of did not constitute a breach of contract. It will remain for the trier of CT Page 5928 fact to determine the merit of this defense, depending on a showing of such facts as the nature, scope and details of the alleged contract.
Second Special Defense
The entire text of the defendant's Second Special Defense is as follows: "The plaintiff's action is barred by that applicable statute of limitations, Connecticut General Statutes, § 52-577."
Practice Book § 10-50 specifically requires that the bar of the running of the statute of limitation claimed to be applicable to the plaintiff's claim must be raised as a special defense. While the plaintiff disputes whether § 52-577 is the applicable statute of limitation, the defendant is entitled to so claim, and that claim will be adjudicated upon the relevant facts. This ruling does not, of course, constitute a finding whether § 52-577 is or is not the applicable statute of limitations. Under certain facts, it may be: if the facts are different, it may not be. This court cannot find that there is no set of facts provable under this defense that would support the special defense. See Bohan v. Last, 236 Conn. 670, 674-75 (1996);Sassone v. Lepore, 226 Conn. 773, 780 (1993).
Third Special Defense
In the third special defense, the defendant alleges that "[t]he plaintiff's harm, if any, was caused by his own negligence in that he instructed counsel to withdraw his action in Superior Court and in his handling of the federal court action by himself without an attorney."
The only ground that the plaintiff raises with respect to this defense is an argument that it is false on the merits, because the attorney was responsible for the decisions made. As has been explained above, the function of a motion to strike is not to decide the truth or merit of a claim or defense, but only to determine if the pleader has invoked a doctrine recognized by law in the situation pled. Since a motion to strike is not designed to decide the merits of the substance of the defense, and since that is the only ground raised, this motion to strike this defense must be denied.
Conclusion
CT Page 5929
For the foregoing reasons, the motion to strike the three special defenses is denied. This ruling does not constitute a finding that the position of either party is correct with regard to the merits of those defenses.
BEVERLY J. HODGSON JUDGE OF THE SUPERIOR COURT