[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The above-captioned employment dispute comes before this court on a motion to strike three counts of the revised complaint. The defendant Aaron Manor, Inc. ("employer") has moved CT Page 7271 to strike the first count, in which the plaintiff alleges breach of an implied covenant of good faith and fair dealing; the second count, in which the plaintiff alleges breach of an implied contract to utilize progressive discipline before terminating an employee; and the third count, in which the plaintiff alleges breach of an express oral contract by which the employer agreed not to terminate the plaintiff's employment except for just cause.
Standard of review
The function of a motion to strike is to test the legal sufficiency of the allegations of a complaint to state a claim upon which relief may be granted. Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15 (1992); Practice Book § 10-39; Ferryman v. Groton, 212 Conn. 138, 142 (1989). In adjudicating a motion to strike, the court must construe the facts in the complaint most favorably to the plaintiff. Bohan v.Last, 236 Conn. 670, 675 (1996); Sassone v. Lepore,226 Conn. 773, 780 (1993); Novametrix Medical Systems, Inc. v. BOC Group,Inc., 224 Conn. at 215; Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170 (1988).
First Count
The plaintiff alleges in the first count of her revised complaint that she was employed for over three years at nursing homes operated by the department. She alleges that the offer of employment was oral, as was her acceptance. She does not allege any agreed terms other than the duties of the job and the rate of compensation. The plaintiff further alleges that the defendant terminated her employment on April 4, 1994 "without substantial facts to support such dismissal", for reasons that were "erroneous, false and non-existent", and because the plaintiff had reported to supervisory staff conduct that she perceived to be neglectful or injurious to patients in the nursing home where she was working. She alleges that the defendant terminated her employment to prevent her from reporting public health violations and "in retaliation for (her) plan to report defendant company to the state health department." She also alleges that the defendant violated an implied covenant of good faith and fair dealing by "fail(ing) to conduct activities relating to the plaintiff's termination in an honest, truthful, fair and sincere manner."
In effect, the plaintiff alleges that the defendant fired her CT Page 7272 in a manner and for reasons that violated an implied term of the oral agreement to employ her. The Connecticut Supreme Court has recognized in Torosyan v. Boehringer Ingelheim Pharmaceuticals,Inc., 234 Conn. 1, 13 (1995) that "all employer-employee relationships not governed by express contracts involve some type of implied `contract' of employment." The contents of the implied contract incorporate specific representations made by the employer or contained in an employee manual. Id. Absent such specific terms, and absent a written contract, an employee is terminable at will. Torosyan, 234 Conn. 14-15.
The plaintiff has alleged no specific representations made by the employer concerning the manner of termination, standards for termination, or the like, and she has not alleged that the defendant ever agreed or represented in any employee handbook or in any other way that it agreed to limit its ability to fire her at will.
Where the employee does not allege express oral or written terms claimed to have been violated, the law nevertheless construes the basic contract of at-will employment to be limited to preclude termination for a reason that offends public policy.Magnan v. Anaconda Industries, Inc., 193 Conn. 558, 572 (1984), citing Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471, 475
(1980). In Magnan, however, the Supreme Court expressly declined to adopt the position that at-will employment is subject to a limitation of termination only for just cause.
The plaintiff asserts in her brief in opposition to the motion to strike that the important public policy violated is her plan to report circumstances that she perceived to be violations of the Public Health Code and neglect or abuse of patients in the nursing home facility. She cites the conduct at issue as violative of the state regulations codified as § 19-13-D8 
(g); 8D (V) (20) (F).
The plaintiff alleges at paragraph 26 of Count One of her revised complaint that the administrator of the nursing home facility "learned of the plaintiff's plan to report violations of select portions of the health code to the State of Connecticut Department of Health." The public policy that the plaintiff is apparently invoking as an exception to the option of an employer to discharge an at-will employee is the policy prohibiting retaliation against those who disclose an employer's illegal or unethical activities to enforcement authorities, so-called CT Page 7273 "whistle blowing."
The public policy concerning retaliation against whistle blowers is codified at Conn. Gen. Stat. § 31-51m (b), which prohibits an employer from discharging an employee "because the employee . . . reports, verbally or in writing, a violation or suspected violation of any state or federal law or regulation or any municipal ordinance or regulation to a public body, or because an employee is requested by a public body to participate in an investigation, hearing or inquiry held by that public body, or a court action." "Public body" is defined at Conn. Gen. Stat. § 31-51m (a)(4) as "any public agency, as defined in subsection (a) of section 1-18a, or any employee, member or officer thereof."
The plaintiff has not alleged that she engaged in conduct within the protection § 31-51m, but only that she had a plan to do so. The provisions of § 31-51m do not extend to situations in which an employee makes no report to a public body but claims to have planned to do so. It seems reasonable to conclude that in defining the whistle-blowing protection as it did, the legislature chose to fetter employer discretion only where an employee had actually engaged in reporting and not to extend it to the less verifiable circumstance in which an employee claimed to be planning to do so. Assuming that the public policy of protecting whistle-blowers is as set forth in § 31-51m, and since the plaintiff has not alleged that she actually engaged in conduct protected by that expression of public policy, this court finds that the plaintiff has failed to state a cognizable claim in the final count of her complaint.
Claims of breach of express and implied contractual terms
In the second and third counts of her complaint, the plaintiff alleges that the defendant had a practice of progressive discipline that was a provision of an implied contract and that the defendant breached that implied contract by discharging the plaintiff abruptly. The plaintiff has not alleged that the parties agreed that she would not be terminated except after progressive discipline, rather, the plaintiff alleges that because the employer had a practice of using progressive discipline, that practice became a matter of a contractual entitlement between the plaintiff and the defendant.
The Connecticut Supreme Court in Finley v. Aetna Life andCT Page 7274Casualty Co., 202 Conn. 190, 193, 198 (1987) noted that statements made in an employee manual may, under appropriate circumstances, give rise to an express or implied contract between employer and employee where the employee alleged that he had relied upon the statements made in the policy manual in accepting employment. The plaintiff has not alleged that the defendant had a written policy of providing progressive discipline before discharging an employee or that such a policy was included in an representations made at the time she was hired. She has not alleged reliance on any representation that such a policy existed or would be followed.
The plaintiff has also alleged that the defendant made express statements "to the effect that plaintiff's job with the defendant was secure" and that she relied on those statements. (Second count, paragraphs 30, 33), but she has not pled that such "express statements" were part of the employment agreement at the time she was hired. While representations concerning the practices that the employer pledged to follow at the time of entering the employment agreement may give rise to a course of action for breach, see Torosyan v. Boehringer IngelheimPharmaceuticals, Inc., 234 Conn. at 16-17, the plaintiff has not alleged such an agreement as to terms of employment but only statements concerning the status of the plaintiff's employment after it had begun. An at-will employee may be "secure" in employment where the employer has not exercised the option to discharge at the time, however Connecticut's courts have not viewed such descriptions of an employee's current status as constituting an agreement not to terminate the employee.
An implied contract of employment depends on the existence of an actual agreement between the parties. Coelho v. Posi-SealInternational Inc., 208 Conn. 106, 111 (1988); Christensen v. BicCorporation, 18 Conn. App. 451, 454, 458 (1989). Practices and comments alone, without representations that the practices are part of the agreement, do not create a contract. Christensen v.Bic Corporation, 18 Conn. App. At 455, 458; Corriveau v. JenkinsBros., 144 Conn. 383 (1957); L. F. Pace Sons, Inc. v. TravelersIndemnity Co., 9 Conn. App. 30, 38, cert. denied, 201 Conn. 811
(1986) "A contractual promise cannot be created by plucking phrases out of context; there must be a meeting of the minds between the parties." Christensen v. Bic Corporation,18 Conn. App. at 458, citing Bridgeport Pipe Engineering Co. v. DeMatteoConstruction Co., 159 Conn. 242, 246 (1970). CT Page 7275
Contrary to the assertions in her brief in opposition to the motion to strike, the plaintiff has not alleged in her revised complaint that the employer agreed that her employment would not be terminated except in a specified manner, nor has she alleged that the parties reached an agreement concerning progressive discipline or that the employer represented that progressive discipline would be a condition of the plaintiff's employment. Having failed to allege in her complaint the facts that would state a cause of action in either express or implied contract, the plaintiff has simply failed to plead the causes of action that she has briefed.
Conclusion
The motion to strike all three counts of the plaintiff's revised complaint is granted.
BEVERLY J. HODGSON Judge of the Superior Court