[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON
CT Page 7965 MOTION FOR SUMMARY JUDGEMENT #121
 I.ISSUE AND SUBMISSION
Whether the defendants' motion for summary judgment should be granted. It is submitted that the motion for summary judgment should be denied.
 II.FACTS
The plaintiff, Diane Auture, filed a four-count amended complaint on May 28, 1996 against the defendants, Kimberly Inn, Inc., and Charles D. Tomer. The plaintiff alleges that Gerald F. Kurac (Kurac) was an employee of the defendants on or about June 3, 1995 when he was served numerous alcoholic beverages to the point where Kurac became intoxicated. After leaving the defendants' place of business and while operating his automobile, Kurac collided head on with the plaintiff causing her severe injury. The plaintiff seeks damages pursuant to General Statutes § 30-102, the dram shop act.[1] The plaintiff also alleges that the defendants were reckless in serving Kurac numerous drinks to the point of intoxication yet allowing him to operate his motor vehicle.
On May 18, 1998, the defendants filed a motion for summary judgment on the ground that there is no disputed issue of material fact, and that they did not owe the plaintiff any common law duty The plaintiff filed an objection, arguing that there are several material issues of fact in dispute, and that a duty is owed. The matter was heard by the court on June 15, 1998.
 III.DISCUSSION
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact CT Page 7966 together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and. therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]. . . ." (Internal quotation marks omitted.)Maffucci v. Royal Park Limited Partnership 243 Conn. 552,554-55, ___ A.2d ___ (1998).
 A. Statutory Cause of Action — Dram Shop Act
The defendants argue that they did not sell Kurac alcoholic beverages on the night of the accident, and that he did not appear to be intoxicated before leaving the defendants' premises. The defendants argue, therefore, that the plaintiff cannot prevail on her claim under the dram shop act. The plaintiff argues that the term "sale" is not defined within the statute, but can include this situation, where the defendants provided Kurac with a drink after his work shift was over.
"[V]iewing the statute as essentially remedial and consequently giving it a liberal construction, we can assume that the legislature, by its use of the word" sale" in [the Dram Shop Act]. . . meant purvey' or furnish' rather than a sale in the strict sense of the term. Any other construction would have rendered the statute nugatory as applied to taverns and restaurants, because prior to the passage in 1951 of 2859d of the 1955 Cumulative Supplement the dispensing of food or drink in a restaurant for consumption on the premises was a service, not a sale. . . . The purveying or furnishing of intoxicants to be consumed on the premises would not have constituted a sale in the technical sense." (Citation omitted.) Pierce v.Albanese, 144 Conn. 241, 258-59, 129 A.2d 606, appeal dismissed, 355 U.S. 15, 78 S.Ct. 36, 2 L.Ed.2d 21 (1957).
In support of the motion for summary judgment, the defendants submitted the affidavit of Charles Tomer, in which he avers that before and during 1995 it was customary to permit employees, upon completion of their work shift, to have a free drink. (Motion For Summary Judgment, Affidavit of Charles Tomer, ¶ 8). Tomer, working the bar the evening of the accident, saw Kurac receive a drink from another bartender (Tomer Affidavit, ¶¶ 10, 12). It is submitted that when liberally construing the dram shop act so as to effectuate its remedial purpose the custom of supplying CT Page 7967 Kurac and other employees with a free drink, to be consumed on the premises, qualifies as a "sale" of alcohol. It is therefore submitted that the Dram Shop Act applies.
Tomer also avers that when leaving for the night, Kurac did not appear to be intoxicated. (Tomer Affidavit ¶ 14). Kurac testified in his deposition, however, that at least one person present when he left the evening of the accident described Kurac as "wasted" and in need of a ride home. (Opposition To Motion For Summary Judgment, Deposition of Gerald Kurac, p. 43). It is submitted, therefore, that a disputed issue of material fact remains concerning whether the defendants knew Kurac was intoxicated when he was furnished with alcohol on the night of the accident.
 B.Common Law Claims — Reckless and Wanton Serviceof Alcohol
The defendants argue that they owe no duty to the plaintiff to protect her from Kurac's immoderate behavior. The defendants cite Bohan v. Last, 236 Conn. 670, 676, 674 A.2d 839
(1996), where the court held "[a]lthough we have never held that purveyors of alcohol have no common law duty to exercise due care to protect the foreseeable victims of those who drink and drive, we have, nevertheless, declined to recognize a claim in negligence." However, plaintiff has not alleged a common law negligence claim against the defendants, but rather a reckless claim. In considering "whether . . . policy considerations which might justify protecting both a vendor and a social host from common-law liability for the injurious consequences of negligent conduct in the sale or serving of alcoholic beverages to another also apply when the conduct constitutes wanton and reckless misconduct," the court held "that they do not." Kowal vHofher, 181 Conn. 355, 360-61, 436 A.2d 1 (1980). See alsoBoehm v. Kish, 201 Conn. 385, 517 A.2d 624 (1980). Therefore, the defendants' argument that they owed the plaintiff no duty is misplaced, as the plaintiff has not alleged common law negligence, but recklessness. Accordingly, the defendants' motion for summary judgment as to the plaintiffs common law claims is denied.
 IV.CONCLUSION
The defendants' motion for summary judgmemt on the statutory cause of action should be denied, because the defendants provided CT Page 7968 Kurac with alcohol on the night of the plaintiffs injury, and a genuine issue of material fact remains in dispute as to whether the defendants knew that Kurac was intoxicated when they furnished him with alcohol. The defendants' motion for summary judgment on the common law claims should be denied, because a cause of action exists for the reckless or wanton provision of alcohol.
Nadeau, Judge