[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE COUNTS SEVEN, EIGHT, NINE AND TEN OF THE THIRD REVISED COMPLAINT
Defendant Yonder Farms has moved to strike the claims for bystander emotional distress and loss of filial consortium made against it by the plaintiffs. In their third revised complaint, the plaintiffs allege that Barbara Rose Romaine, a minor, became ill as a result of drinking cider that the plaintiffs claim was contaminated by E. coli and that was produced from apples supplied by Yonder Farms. The contested counts are the seventh and eighth, in which the child's parents claim that the movant is liable to them for their distress in observing their daughter's illness; and counts nine and ten, in which the parents claim damages for loss of the love, care and companionship of their daughter while she was diminished by illness.
Standard of Review
The function of a motion to strike is to test the legal sufficiency of the allegations of a complaint to state a claim upon which relief can be granted. Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 214-215 (1992); Ferrymanv. Groton, 212 Conn. 138, 142 (1989); Practice Book § 10-39.
In adjudicating a motion to strike, the court must construe the facts alleged in the complaint in the manner most favorable to the plaintiff. Bohan v. Last, 236 Conn. 670, 675 (1996);Sassone v. Lepore, 226 Conn. 773, 780 (1993); Novametrix MedicalSystems. Inc. v. BOC Group, Inc., supra, 224 Conn. 215; Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). Where the facts alleged are sparse, they should be construed broadly to include situations provable under the allegations set forth.Bohan v. Last, supra, 236 Conn. 675-681
Claims for Bystander Emotional Distress
Barbara Rose Romaine's parents allege in counts seven and eight of the third revised complaint that they suffered emotional distress as a result of observing the injuries to their daughter. In Clohessy v. Bachelor, 237 Conn. 31 (1996), the Supreme Court concluded that "bystander emotional distress, the emotional anguish a person sustains by witnessing a (person closely related to him or her] being seriously injured as a result of an accident caused by the negligence of another, was compensable." Mendillov. Board of Education, 246 Conn. 456, 499 (1998).
The elements of a claim of bystander emotional distress were CT Page 7770 set forth in Clohessy, supra, 237 Conn. 56:
 To summarize, we conclude that a bystander may recover damages for emotional distress under the rule of reasonable foreseeability if the bystander satisfies the following conditions: (1) he or she is closely related to the injury victim, such as the parent or sibling of the victim; (2) the emotional injury of the bystander is caused by the contemporaneous sensory perception of the event or conduct that causes the injury, or by arriving on the scene soon thereafter and before substantial change has occurred in the victim's condition or location; (3) the injury of the victim must be substantial, resulting in his or her death or serious physical injury; and (4) the bystander's emotional injury must be serious, beyond that which would be anticipated in a disinterested witness and which is not the result of an abnormal response.
The sole paragraph of the plaintiffs' complaint which describes the event that the parents witnessed is paragraph 15 of counts seven and eight, which states, in full, as follows:
 At all times mentioned herein, [parent] was a care giver to (his/her) daughter, Barbara Rose Romaine, and was in close contact with her during her growing illness and hospitalization and was witness to her serious injury and her worsening medical condition which did not respond to normal medical treatment.
At paragraph 4 of this count, the plaintiffs allege that the child drank the cider on September 28, 1996. At paragraph 7 of the Sixth Count, which is incorporated by reference into the counts at issue, the plaintiffs allege that "the onset of the first symptoms occurr[ed] on October 2, 1996."
The paragraphs set forth above were pleaded after this court overruled an objection to a request to revise in which Yonder Farms sought to have the plaintiff specifically allege the events claimed to give rise to the claim for bystander emotional distress. The plaintiffs have notably failed to allege proximity to their daughter at the time of an observable substantial injury, and allege only that they were with her while she was ill and undergoing treatment.
The Connecticut Supreme Court lists as the second criterion for a cognizable claim for bystander emotional distress that "the bystander's emotional injury must be caused by the CT Page 7771 contemporaneous sensory perception of the event or conduct that causes the injury." Clohessy v. Bachelor, supra, 237 Conn. 52. The emphasis is on the parent's being present when the injury occurs and witnessing the immediate and serious harm to the child. Id. The use or ingestion of a product that causes no immediate signs of injury cannot logically be seen as the sort of event defined in Clohessy. Unlike a car crash or a sudden trauma, the drinking of a glass of cider cannot be characterized as a horrific event for a close relative to witness, especially when no immediate consequence occurs before the eyes of the bystander.
While parents are, or should be, troubled by any harm suffered by their children, the Supreme Court recognized liability for bystander emotional distress only for the especially traumatic circumstance of witnessing immediate substantial harm. The plaintiffs ignore the limits of the liability recognized by the Supreme Court for distress suffered by bystanders, and seek to apply it to factual allegations so different from the recognized scope that they are in the position of arguing that liability to bystanders exists without any immediate, observable trauma at all.
This court is mindful that it denied a motion to strike claims for bystander emotional distress in a similar case involving the same defendants, Daly v. Salvatore, et al, Docket No. XO1-CV 98-0144580 (Complex Litigation Docket at Waterbury, May 20, 1999). That ruling was compelled by the vagueness of the pleading: it was not possible to determine whether a substantial injury had occurred immediately in the parents' presence, and the standards for motions to strike therefore precluded any determination that the criteria of Clohessy had or had not been met. By contrast, in this instance the movant has used a request to revise to require the plaintiff to allege the relevant facts that determine whether a cause of action for bystander emotional distress is stated. The facts as pleaded do not state a cause of action for bystander emotional distress.
Loss of Filial Consortium
The defendant Yonder Farms, Inc. has moved to strike the ninth and tenth counts of the plaintiffs' Third Revised Complaint on the ground that a cause of action for loss of filial consortium is not cognizable under the principles stated by the Connecticut Supreme Court in its recent decision in Mendillo v.Board of Education, supra, 246 Conn. 456. The claim decided in CT Page 7772 Mendillo was a child's claim for damages suffered as a result of an injury to her parent. The Supreme Court concluded that while the injury to the child was a foreseeable consequence, considerations of public policy weighed against recognizing a cause of action for a person other than the person directly harmed or a spouse. Mendillo v. Board of Education, supra,246 Conn. 484-48 5. Though the claim adjudicated in Mendillo was a claim for loss of parental consortium rather than for loss of filial consortium, the Court provided absolutely no indication that it regarded a claim of loss of filial consortium as presenting different issues from a claim of loss of parental consortium. In a footnote, indeed, the Supreme Court indicated that "there is nothing in reason to differentiate the parent's loss of the joy and comfort of his child from that suffered by the child." 246 Conn. 485, n. 20.
The plaintiffs seeks to distinguish their claim from the claim of loss of parental consortium at issue in Mendillo by asserting that the Supreme Court was particularly concerned with the broad and uncertain number of potential plaintiffs that could claim damages arising from the injury to a parent. The plaintiffs point out that while parents may have any number of children, such that a single injury could give rise to many claims, a child has just two biological parents, so that the perceived public policy against imposing burdens of unpredictable extent on defendants is not present. While the claimants in the case before this court are, in fact, the natural parents of the child alleged to have suffered injuries, modern realities are that many people who are not the natural parents of children stand in the same or nearly the same relationship to them as natural parents: stepparent, grandparents or other relatives who are primary caretakers, guardians, and others. There is probably no principled, non-arbitrary way to distinguish between such claims of affinity; and the policy issues of magnification of damage awards to a single family and of the economic costs to society identified in Mendillo as policy reasons for not recognizing a cause of action for loss of parental consortium. Mendillo v.Board of Education, supra, 246 Conn. 485-489.
The plaintiffs further assert that the policy considerations are different for claims of loss of filial consortium because at common law a parent had a right to a child's labor. This argument overlooks the fact that the plaintiffs are not seeking compensation for loss of their five year-old daughter's labor, but only for loss of her "love, care and companionship" while she CT Page 7773 was allegedly ill as a result of ingestion of a defective product. (Third Revised Complaint, paragraph 15 of the Ninth and Tenth Counts.)
All of the trial court rulings on this issue that have been cited by the plaintiffs were decided before the Supreme Court's decision in Mendillo, in the absence of any guidance from that court concerning the viability of loss of consortium claims beyond the realm of loss of spousal consortium.
The motion to strike the claims for loss of filial consortium is granted.
Conclusion.
Yonder Farms' motion to strike the seventh, eighth, ninth and tenth counts of the third revised complaint is granted.
Beverly Hodgson, Judge of the Superior Court