[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION: RE: MOTION #102 MOTION TO STRIKE
Granted as to the defendant John Bucherati. Denied as to the remainingdefendants.
The plaintiff, Samantha Bucherati was and is a minor and brings this action though her mother and natural guardian, Leisha Bucherati. The plaintiffs allege that at all times pertinent hereto, the defendants were in the possession, custody and control of a premises known as 13 Oakwood Drive, Seymour, Connecticut. The plaintiffs further allege that on or about November 24, 1999, the minor plaintiff was in the care, custody and control of the defendants.
On the aforementioned time and date, the defendant John Bucherati, who is the father of the minor plaintiff Samantha Bucherati, placed her in a tub of scalding hot water located in the aforementioned premises. The plaintiff alleges that as a result of the negligence and carelessness of the defendants the minor plaintiff suffered personal injuries, damages and losses.
On January 3, 2002, the defendants filed a Motion to Strike, seeking to strike the complaint, asserting that it fails, on its face to state a claim upon which relief can be granted.
The defendants assert that this action is legally insufficient for reason that the defendant John Bucherati is the father of the minor plaintiff
Section 10-39 of the Connecticut Practice Book concerns motions to strike. Subsection 10-39 (a) provides that:
(a) Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, CT Page 2747 counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted, or (2) the legal sufficiency of any prayer for relief in any such complaint, counterclaim or cross complaint, or (3) the legal sufficiency of any such complaint, counterclaim or cross complaint, or any count thereof, because of the absence of any necessary party or, pursuant to Section 17-56 (b), the failure to join or give notice to any interested person, or (4) the joining of two or more causes of action which cannot properly be united in one complaint, whether the same be stated in one or more counts, or (5) the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof
The standard for considering Motions to Strike has been well established in this state.
In deciding a motion to strike:
. . . We take the facts to be those alleged in the [pleading] that [is sought to be] stricken and we construe the [pleading] in the manner most favorable to sustaining its legal sufficiency. Bohan v. Last,236 Conn. 670, 674, 674 A.2d 839 (1996).
Saunders v. Stigers, 62 Conn. App. 138, 142 (2001).
The moving party in the instant motion asserts that the complaint alleges that John Bucherati was the father of the minor plaintiff and that he was negligent in his care of the minor plaintiff The moving party further asserts that in light of the parent/child relationship, the doctrine of parental immunity applies and therefore the claim against John Bucherati should be stricken.
The instant action sounds in negligence against all of the defendants. It is undisputed that the plaintiff, Samantha Bucherati is an unemancipated minor child of the defendant John Bucherati.
. . . [W]ith limited exceptions that have been strictly construed, the doctrine of parental immunity bars an unemancipated minor from bringing an action in tort against his or her parent. CT Page 2748
Squeglia v. Squeglia, 234 Conn. 259, 261 (1995).
The plaintiffs have not filed any objections to the defendants' motion to strike. Furthermore, the plaintiffs have not asserted that the instant action was commenced pursuant to an exception to the parental immunity doctrine. "[P]arental immunity applies unless an exception can be identified . . ." Ascuitto v. Farricielli, 244 Conn. 692, 706 (1998).
Whereas the defendant, John Bucherati is a parent of the plaintiff Samantha Bucherati, she cannot prevail in an action sounding in negligence against him unless the case comes within one of the exceptions to the parental immunity doctrine. The complaint, even when read in the plaintiffs' best light, does not allege that this matter was brought pursuant such an exception. The motion to strike the claim against the defendant, John Bucherati is granted.
As to the remainder of the complaint, there are allegations of negligence against defendants who do not have a parental relationship with the plaintiff Samantha Bucherati, as to these defendants the motion to strike is denied.
_________________________ Richard A. Robinson, J March 4, 2002