[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT'S MOTION TO STRIKE (114) AND PLAINTIFF'S OBJECTION TO MOTION TO STRIKE (117) 
The complaint in this action alleges that the Defendant operated a dog kennel and that the Plaintiff left her dog there for a two-week stay. The complaint further alleges that when the Plaintiff returned to pick up her dog, she was unable to do so because the Defendant had lost the dog. In her five-count revised complaint the Plaintiff sues the Defendant for negligence (Count 1), breach of contract (Count 2), bailment (Count 3), negligent infliction of emotional distress (Count 4) and violation of the Connecticut Unfair Trade Practices Act (Count 5).
The Defendant has moved to strike Count Four of the Plaintiff's revised complaint alleging negligent infliction of emotional distress and Count Five alleging CUTPA violations, for failure to state a legally sufficient claim. The Defendant also moves to strike paragraph three of the claim for relief which seeks damages pursuant to General Statutes § 42-110g.
In ruling on a motion to strike, the court must construe the complaint in the manner most favorable to sustaining its legal sufficiency. Bohanv. Last, 236 Conn. 670, 674-75 (1996). The court also takes the facts alleged and those necessarily implied from the allegations as admitted and construes them in favor of the pleader. Amodio v. Cunningham,182 Conn. 80, 82-83 (1980).
In Count Four of the revised complaint the Plaintiff claims that "The Defendant inflicted emotional distress upon the Plaintiff in that she: a) Failed to take steps to search thoroughly for said dog; b) Failed to show caring and compassion for the Plaintiff's loss and treated her callously; c) treated the Plaintiff rudely and with anger; d) Did not contact the Plaintiff until 8 days after the loss." The Defendant claims that this Count should be stricken because negligent infliction of emotional distress is a remedy available to a victim and the victim here CT Page 1852 is the Plaintiff's dog and not the Plaintiff, and, in any event, there is no cause of action for bystander emotional distress related to injury to property and a dog is property. The Plaintiff claims that her allegations do not claim emotional distress related to injury to her dog but rather that after the loss of the dog the Defendant inflicted emotional distress upon the Plaintiff.
Even viewing the allegations of Count Four in the manner argued by the Plaintiff, that is, that they set forth a claim for the negligent infliction of emotional distress directly as to her, they do not state a cause of action. "In Montinieri v. Southern New England Telephone Co.,175 Conn. 337, 398 A.2d 1180 (1978), we held that, in order to prevail on a claim of negligent infliction of emotional distress, the plaintiff must prove that `the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily harm.'Id., 345. We repeatedly have endorsed this requirement of foreseeability. E.g., Parsons v. United Technologies Corp., 243 Conn. 66,88, 700 A.2d 655 (1997); Barrett v. Danbury Hospital, 232 Conn. 242,260, 654 A.2d 748 (1995); Kilduff v. Adams, Inc., 219 Conn. 314, 325,593 A.2d 478 (1991); Maloney v. Conroy, 208 Conn. 392, 398, 545 A.2d 1059
(1988); Morris v. Hartford Courant Co., 200 Conn. 676, 683, 513 A.2d 66
(1986). As we previously have observed, `[t]his condition differs from the standard foreseeability of the risk of harm requirement for negligence liability generally in that it focuses more precisely upon the nature of the harm to be anticipated as a prerequisite to recovery even [when] a breach of duty might otherwise be found . . .' Maloney v.Conroy, supra, 398 . . . The rule that we formulated in Montinieri
`essentially requires that the fear or distress experienced by the plaintiffs be reasonable in light of the conduct of the [defendant]. If such a fear were reasonable in light of the [defendant's] conduct, the [defendant] should have realized that [its] conduct created an unreasonable risk of causing distress, and [it], therefore, properly would be held liable. Conversely, if the fear were unreasonable in light of the [defendant's] conduct, the [defendant] would not have recognized that [its] conduct could cause this distress and, therefore, [it] would not be liable.' Barrett v. Danbury Hospital, supra, 232 Conn. 261-62, citing Montinieri v. Southern New England Telephone Co., supra,175 Conn. 341." Scanlon v. Connecticut Light Power Co.,258 Conn. 436, 446-49 (2001) (footnote omitted). This condition that the Defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily harm was imposed because of the Court's concern "not to open up a wide vista of litigation in the field of bad manners." Scanlon v. Connecticut Light Power Co., CT Page 1853258 Conn. 436, 452, n. 15 (2001). The allegations by the Plaintiff here fall within that "field of bad manners" and do not support a cause of action for negligent infliction of emotional distress. No reasonably prudent person would have realized that the Defendant's conduct in failing to take steps to search thoroughly for the Plaintiff's dog; failing to show caring and compassion for the Plaintiff's loss and treating her callously; treating the Plaintiff rudely and with anger; and not contacting the Plaintiff until 8 days after the loss of the dog, would have involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily injury. In any event the conduct alleged does not support a claim for negligent infliction of emotional distress. Such conduct must still be "extreme and outrageous." Muniz v. Kravis, 59 Conn. App. 704, 709
(2000). The conduct alleged must be that which exceeds "all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." DeLaurentis v. New Haven, 220 Conn. 225, 267 (1991) (internal quotations marks and citations omitted). The conduct alleged here does not meet this standard. The motion to strike Count Four is granted.
As to the Fifth Count, the CUTPA claim, the Plaintiff claims that the Defendant violated CUTPA by not registering her trade name or having a license for a commercial kennel. "General Statutes § 42-110b (a) provides that `[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.' `[I]n determining whether a practice violates CUTPA we have adopted the criteria set out in the cigarette rule by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [competitors or other businessmen] . . . All three criteria do not need to be satisfied to support a finding of unfairness.' (Internal quotation marks omitted.) Thames River Recycling, Inc. v. Gallo, 50 Conn. App. 767,785-86, 720 A.2d 242 (1998)." Calandro v. Allstate Ins. Co.,63 Conn. App. 602, 607-08 (2001). The allegations of the revised complaint do not meet this standard. There is no allegation that the Defendant held herself out as operating a licensed kennel or that her trade name was registered and in this manner unfairly induced the Plaintiff to leave her dog with the Defendant. Therefore the Motion to Strike Count Five as well as the accompanying claim for attorneys fees in Paragraph 3 of the Claim for Relief is granted. CT Page 1854
In conclusion, the Motion to Strike is granted and the Objection to the Motion to Strike is overruled.
Scholl, J. CT Page 1855