[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The motion to strike now before this court in the above-captioned case raises the issue of the liability of police officers for removing a child from a parent on the apparent belief that an application for temporary custody constituted a court order. The defendant officers have moved to strike the second count of the complaint, in which the plaintiffs allege negligent interference with the custodial rights of Tracy Boudreau, the mother of the minor child, Stephanie Boudreau, by defendant Middletown police officers Frank Schriener and Richard Spencer. The officers have also moved to strike the fourth count, in which both plaintiffs allege deprivation of the minor plaintiff's state constitutional rights to security in her person and in her house as well as her right to liberty and equal protection of the laws. Tracy Boudreau asserts as a constitutional claim a right to equal protection of the law.
The defendant City of Middletown has moved to strike the fifth count, in which the plaintiffs allege a cause of action for indemnification of the officers pursuant to Conn. Gen. Stat. § 7-465. The City has also moved to strike the sixth count, in which the plaintiffs allege that the City negligently trained or supervised the defendant officers in the recognition of court orders of child custody.
 Standard of review
The function of a motion to strike is to test the legal sufficiency of the allegations of a complaint to state a claim upon which relief may be granted. Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15 (1992); Practice Book § 10-39; Ferryman v. Groton, 212 Conn. 138, 142 (1989). In adjudicating a motion to strike, the court must construe the facts in the complaint most favorably to the plaintiff. Bohan v.Last, 236 Conn. 670, 675 (1996); Sassone v. Lepore,226 Conn. 773, 780 (1993); Novametrix Medical Systems, Inc. v. BOC Group,Inc., 224 Conn. at 215; Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170 (1988).
 Negligent Interference with Custodial Rights CT Page 7266
The defendants have moved to strike the second count of the complaint on the ground that Connecticut does not recognize a cause of action for negligent interference with a party's custodial rights, and that liability is limited to situations in which a person intentionally interferes with legal custody.
In the second count of the complaint, Tracy Boudreau alleges that Stephen Neary, the father of her daughter, Stephanie Boudreau, went to the Middletown police department and alleged that he had been given temporary custody of the minor child. The plaintiff alleges that Neary gave the defendant police officers a document titled Application for Relief From Abuse. She alleges that on the basis of that document and Neary's representations the officers went to the plaintiffs' residence and removed the minor child forcibly, over the plaintiffs' objections. The plaintiff alleges that the document supplied to the police by Neary was only an application for temporary custody, not an order awarding it to him, and that the officers were negligent in failing to recognize that the document was not a court order. The plaintiffs have not alleged that Neary lacked custodial rights as the father of the child, that the police officers knew that Neary had no custodial rights, or that they removed the child knowing that it was unlawful to do so.
The Connecticut Supreme Court recognized a civil cause of action for the tort of abduction of a child in Marshak v.Marshak, 226 Conn. 652 (1993). In Marshak, a woman whose husband removed their children to Israel sued her mother-in-law and others for conspiring with the husband to flee with the children. The Supreme Court found that because both parents had custodial rights at the time the defendants aided the father, the conduct alleged was not within the scope of the tort that the Supreme Court was recognizing. The Supreme Court ruled that "(i)n order to impose liability on a third party for conspiring with or aiding another in the removal of children from a custodial parent, the third party must have conspired with, or aided the other, `to do a criminal or an unlawful act or a lawful act by criminal or unlawful means.'" 226 Conn. at 651-52.
In Zamstein v. Marvasti, 240 Conn. 549, 565 (1997), the Supreme Court indicated that a claim of wrongful interference with custodial rights is properly stricken if a plaintiff fails to allege unlawful custody.
The plaintiffs have alleged that Neary was Stephanie's CT Page 7267 father. They have not alleged that he was without custodial rights. The plaintiffs urge this court to read the allegation that Tracy Boudreau had custody as implying that Neary had no custodial rights. Such a construction would go far beyond the required favorable construction of allegations upon a motion to strike. In Marshak v. Marshak, there were no pending dissolution proceedings, and the Court noted that both parents had custodial rights. In the absence of an allegation that Neary had no rights, this court has no basis for interpreting the pleadings as so alleging, especially since the existence or nonexistence of such rights was held in Marshak to be a dispositive issue with regard to the liability of the third parties who had been sued for aiding the father.
The cause of action recognized in Marshak was stated to be derived from the provision in the criminal statutes, Conn. Gen. Stat. § 53a-98, making it illegal to interfere with the custody of a child with knowledge of the absence of legal right to do so. The Supreme Court did not recognize a cause of action against aiders or abettors with no knowledge that the person aided was without rights to custody. If knowledge of lack of entitlement to custody were not an element of the tort, sellers of airline tickets and renters of cars to child abductors would potentially be subject to civil liability for aiding the abduction, and people would be unable to travel with children without continually presenting evidence of legal custody.
By alleging only negligence and neither an absence of custodial rights or knowledge that Neary was without custodial rights, the plaintiff has failed to state a cognizable cause of action for interference with custodial rights.
 Constitutional Claims
In the fourth count of the complaint, the plaintiffs allege the defendant officers' conduct constituted a constitutional tort that gives rise to a direct cause of action under Article First, Sections 1, 7, 8, 9, and 20 of the Connecticut Constitution. InBinette v. Sabo, 244 Conn. 23 (1998), the Connecticut Supreme Court recognized that a claim could be brought directly under the Constitution against government agents who violated citizens' rights to be free of unreasonable searches and seizures.
The minor child alleges that she was seized and removed from her home forcibly and without probable cause by police officers CT Page 7268 acting in the course of their employment in violation of ArticleFirst, §§ 7 and 9 of the Connecticut Constitution. Since the Supreme Court has recognized that a claim may be brought directly under these constitutional provisions, the motion to strike must fail as to the portions of the fourth count that rely on Article 1, sections 7 and 9.
The plaintiffs have further alleged causes of action under the equal protection and due process clauses of the State Constitution, Article First, Sections 1 and 20. The Connecticut Supreme Court has not recognized direct causes of action under these provisions, and this court must consider whether the same reasoning that led the majority in Binette v. Sabo to recognize direct claims under Article First Secs. 7 and 9 applies equally to the assertion of direct claims under these other provisions.
In Binette v. Sabo, 244 Conn. at 33, 35, 46, the Connecticut Supreme Court stated repeatedly that it was recognizing a direct cause of action under State Constitution Sections Article First, Secs. 7 and 9 "for the policy reasons articulated in Bivens v.Six Unknown Named Agents of Federal Bureau of Narcotics",403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The Connecticut Supreme Court also stated that "we emphasize that our decision to recognize a Bivens-type remedy in this case does not mean that a constitutional cause of action exists for every violation of our state constitution." Binette v. Sabo, 244 Conn. at 47, and that each claim for recognition of a direct cause of action under a constitutional provision must be determined on a case-to-case basis, on analysis that includes the following factors: the nature of the constitutional provision at issue, the nature of the purported unconstitutional conduct, the nature of the harm, separation of powers consideration and "the other factors articulated in Bivens and its progeny"as well as "the concerns expressed in Kelley Property Development, Inc. v. Lebanon,226 Conn. 314 (1993) and any other pertinent factors brought to light by future litigation." 244 Conn. at 23.
The due process and equal protection claims of the plaintiffs appear to be the same claims as the claims of unreasonable seizure. The minor child's complaint is that she was denied of her liberty, that is, seized, without due process of law. She has made no effort in her brief to distinguish this claim from the claims made under Article First, Secs. 7 and 9. Both plaintiffs assert that they were deprived of their right to equal protection of the law. They have not explained any way in which they CT Page 7269 suffered a deprivation distinct from the claimed seizure. Since no distinct and separate claims have been articulated under sections 1, 8 and 20, it appears that the assertion of claims under sections 7 and 9 for the claimed illegal seizure and detention are sufficient to protect the plaintiffs from the prospect of being without redress for the conduct at issue.
The motion to strike is granted as to the claims set forth in the fourth count at paragraph 19(c), (d), and (e) only.
 Indemnification
In the fifth count of the complaint, the plaintiffs claim a right to indemnification pursuant to Conn. Gen. Stat. §7-465. To recover under the statute, the statute itself requires that a plaintiff must plead and prove that she has served the municipality with written notice of the action and the injury within six months of the accrual of the cause of action. The plaintiffs have attached to their complaint a notice of claim dated March 25, 1996. The alleged negligent conduct of the defendant officers is alleged in the complaint to have occurred on September 11, 1995, more than six months before the date of the notice.
The plaintiffs assert that their cause of action did not accrue until November 20, 1995, when they received a copy of the police report concerning the incident of September 11, 1995.
A cause of action "accrues" when the essential elements of a claim of negligence are know to the plaintiff: breach of a duty and resulting harm caused by that breach. Catz v. Rubenstein,201 Conn. 39-44 (1986); Barnes v. Schlein, 192 Conn. 732 (1984).
The plaintiffs have alleged that the officers' alleged wrongful seizure of Stephanie Boudreau occurred on September 11, 1995. The complaint does not indicate when the plaintiffs determined that this conduct was wrongful, that is, when the plaintiffs determined that no court order or lawful authority mandated the officers' actions. While the defendants have stated in their brief that the child was returned to her mother the next day, a circumstance that would imply discovery on September 12 that the removal was not pursuant to a legal order, allegations in briefs cannot be the basis of adjudication of a motion to strike. CT Page 7270
This court is unable to determine on the basis of the pleadings that there is no set of facts by which the plaintiffs' cause of action can be found to have accrued within six months of the giving of the statutory notice. If, for example, the plaintiffs were delayed by the defendant from learning the status of the court order and application for custody, the notice could conceivably be timely. Accordingly, pursuant to the standards of review applicable to motions to strike, which are set forth above, the determination of the plaintiff's compliance with the notice requirement must await factual development.
 Governmental Immunity
The plaintiffs have agreed in their brief in opposition to the motion to strike that they will delete the sixth count and the claim for attorney's fees.
 Conclusion
The motion to strike is granted as to second count and as to the claims set forth at paragraphs 19(c)(d) and (e) of the fourth count. The plaintiff has agreed to delete the sixth count. The motion to strike is denied as to the fifth count and as to the claims set forth in the fourth count at paragraphs 19(a) and (b) as to both plaintiffs.
Beverly J. Hodgson Judge of the Superior Court