[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT BRIDGEPORT HYDRAULIC COMPANY'S MOTION TO STRIKE
Defendant Bridgeport Hydraulic Company ("BHC") has moved to strike the counts of the amended complaint in which the plaintiffs allege violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§42-110a, et seq. ("CUTPA"), (Fourth Count) and breach of the implied covenant of good faith and fair dealing (Fifth Count)[1] arising from an incident in which water from the Sikorsky Aircraft Corporation ("Sikorsky") plant allegedly entered the public water supply.
The factual allegations which the plaintiffs allege constitute a violation of CUTPA are as follows:
 14. After the Defendant, BHC, and/or the Defendant, SIKORSKY, caused the water to become contaminated, the Defendant, BHC failed to timely publish, communicate and/or issue proper warnings and signs to the public, including the Plaintiffs, of the fact that the public water had been contaminated and/or otherwise failed, for approximately a ten (10) hour period, to warn the general public including the households serviced by the subject public water supply that the water had been contaminated when it knew that by so doing it would have minimized the public's consumption of and/or exposure to the contaminated water.
 15. After the Defendant, BHC, and/or the Defendant SIKORSKEY (sic), caused the water to become contaminated, the Defendant, BHC, failed for approximately a ten (10) hour period, to respond with adequate personnel to the emergency water contamination in order to correct and/or mitigate the contamination problem contaminated (sic) when it knew that by so doing it would have minimized the public's, including the Plaintiffs', consumption of CT Page 2115 and/or exposure to the contaminated water.
Amended Complaint, 12/29/00.
Standard of Review
The function of a motion to strike is to test the legal sufficiency of the allegations of a complaint to state a claim upon which relief can be granted. Sherwood v. Danbury Hospital, 252 Conn. 193, 213 (2000);Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,214-215 (1992); Ferryman v. Groton, 212 Conn. 138, 142 (1989); Practice Book § 10-39. The role of the trial court is to examine the complaint, construed in favor of the pleader, to determine whether the pleader has stated a legally sufficient cause of action. ATC Partnershipv. Windham 251 Conn. 597, 603, cert. denied, 120 S.Ct. 2217 (1999); Doddv. Middlesex Mutual Assurance Co., 242 Conn. 375, 378 (1997); Napoletanov. CIGNA Healthcare of Connecticut, Inc., 238 Conn. 216, 232-33, cert. denied, 117 S.Ct. 1106 (1990).
In adjudicating a motion to strike, the court must construe the facts alleged in the complaint in the manner most favorable to the plaintiff.Gazo v. Stamford, 255 Conn. 245, 260 (2001); Bohan v. Last, 236 Conn. 670,675 (1996); Sassone v. Lepore, 226 Conn. 773, 780 (1993); NovametrixMedical Systems, Inc. v. BOC Group, Inc., supra, 224 Conn. 215; Gordonv. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). The requirement of favorable construction does not extend, however, to legal opinions or conclusions stated in the complaint, but only to factual allegations and the facts "necessarily implied and fairly provable under the allegations." Forbes v. Ballaro, 31 Conn. App. 235, 239 (1993). Conclusory statements or statements of legal effect not supported by allegations of fact will not enable a complaint to withstand a motion to strike. Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985); Fortini v. NewEngland Log Homes, Inc., 4 Conn. App. 132, 134-35, cert. dismissed,197 Conn. 801 (1985).
Is a single occurrence actionable under CUTPA?
Defendant BHC asserts that the plaintiffs have failed to state a cause of action under CUTPA because they allege only a single occurrence, not a course of repeated conduct that could be characterized as a practice. BHC and the plaintiffs have provided the court with lists of cases in which various trial court judges have weighed in on the issue whether a single transaction or interaction, characterized by BHC as an "isolated act," may constitute an unfair trade practice actionable under CUTPA. CT Page 2116
CUTPA provides, at Conn. Gen. Stat. § 42-110g(a) for a remedy for an ascertainable loss resulting from a prohibited "method, act or practice." This reference to a remedy for a single act suggest that CUTPA prohibits unfair conduct in a trade or business even if it is engaged in only once. In Larsen Chelsey Realty Co. v. Larsen, 232 Conn. 480 (1995), the plaintiff alleged that the defendant had decamped from the plaintiff's real estate agency to another agency and had suggested to others that the plaintiff had gone out of business. The Supreme Court ruled that the trial court had erred in setting aside the verdict of a jury that found a CUTPA violation.
In Jacobs v. Healey Ford-Suburu, Inc., 231 Conn. 707, 726 (1995), the Supreme Court noted that "[t]he question of whether an action or practice can be the basis of a CUTPA action depends upon all the circumstances of the particular case" (emphasis supplied); however, the Court found that the CUTPA claim had not been established because the defendant's failure to provide an accurate notice of a deficiency on a car repossession "appears to have been an isolated instance of misinterpretation by the defendant of its obligation due to the unique circumstances of this particular case as distinguished from unfair or deceptive acts or practices in the defendant's trade or business." 231 Conn. 729. It is unclear whether the Court's conclusion was that the faulty notice was not a CUTPA violation because it was negligent, not a planned "practice," or whether it was not a CUTPA violation because it was an isolated transaction.
It seems accurate to say that the Supreme Court has not ruled definitively that the statute on which the defendant relies cannot be the source of a remedy for an unethical or unfair act in a trade or business simply because the unfair act is not repeated. This court finds that the wording of CUTPA, at § 42-110g(a), is broad enough to indicate application to a single act if the act is within the definition of a violation pursuant to what has been called the "cigarette rule." SeeJacobs v. Healey Ford-Suburu, Inc., supra, 231 Conn. 725.[2] In the absence of specific language in the statute requiring repeated acts or a clear holding by the Supreme Court that CUTPA is to be construed to apply only to repeated conduct, this court finds that the wording of the statute is broad enough to encompass a single incident or transaction.
Does tardy reaction and tardy notice constitute a CUTPA violation?
The factual allegations set forth above, which the plaintiffs allege constitute an unfair or deceptive practice in the course of a trade or business in violation of CUTPA, set forth allegations of negligence. The plaintiffs in effect allege that BHC had a duty to react quickly after it CT Page 2117 learned of the alleged pollution and to assign sufficient staff to promptly notify those who might be affected, in order to avoid or reduce injuries and losses. The plaintiffs implicitly allege that BHC failed to fulfill these duties of care and that the plaintiffs and others were foreseeably injured. Like the plaintiff in Haynes v. Yale New HavenHospital, 243 Conn. 17 (1997), the plaintiffs assert that allegations by an entity in the course of its business activities that could also be characterized as negligent support a CUTPA claim. In Haynes, the Supreme Court ruled that negligence in the course of rendering medical treatment, that is, professional negligence, did not support a CUTPA claims. It explicitly declined, however, to decide in general "whether negligence alone is sufficient to support a CUTPA violation." Id. The Court appears to have overlooked the fact that in Williams Ford, Inc. v.Hartford Courant Co., 232 Conn. 559, 592-93 (1995), it had considered a claim that negligent conduct also violated CUTPA. In Williams Ford, the Court ruled that "the Courant's negligence was not an unfair practice within the meaning of CUTPA," because the conduct at issue did not meet the criteria of the cigarette rule. Id. That standard, nicknamed from a case brought under the Federal Trade Commission Act from which the standard is derived, FTC v. Sperry Hutchinson Co., 405 U.S. 233, 244-45
n. 5, 92 S.Ct. 898, 31 L.Ed.2d 170 (1972), is as follows:
 (1) whether the practice, without necessarily having been previously unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, competitors or other businesses.
Williams Ford, Inc. v. Hartford Courant Co., 232 Conn. 559, 591 (1995)
The plaintiffs have alleged that BHC failed to give prompt notice and failed to devote sufficient resources to remedying the problem. The plaintiffs have not pleaded further details; however, under these pleadings evidence would be admissible concerning the circumstances and reasons surrounding the alleged inaction, and such evidence may indeed fulfill the requirement of showing immoral, unethical, oppressive or unscrupulous behavior.
BHC argues that the plaintiffs should not, upon a motion to strike, have the advantage of any inferences or facts not expressly pleaded. The CT Page 2118 Supreme Court has, however, taken a different view of the disposition of claims upon a motion to strike.
In Bohan v. Last, supra, 236 Conn. 670, the plaintiff alleged that two defendants who had been present at a bar where a tortfeasor became intoxicated were "purveyors of alcohol" and had purveyed alcohol to the tortfeasor. The Supreme Court noted that the term "purveyor" did not apply to persons who were merely socializing at a bar. Although the complaint did not allege what the defendants were actually doing, but merely characterized them as "purveyors, " the Court ruled that it was error to grant a motion to strike, since it was possible for the plaintiff to present facts that might have justified the characterization of "purveyor." Bohan v. Last, supra, 236 Conn. 678.
When the Court has approved the granting of a motion to strike a CUTPA claim, it has been in situations in which the allegations clearly alleged conduct that was not within the scope of CUTPA. Sherwood v. DanburyHospital, supra, 252 Conn. 212-214 (plaintiff alleged medical negligence from use of unscreened blood for transfusion).
Given the requirement to construe pleadings upon a motion to strike in a manner favorable to the pleader, the court finds that BHC has failed to establish that no facts provable under the allegations would establish a CUTPA violation. Contrary to BHC "s suggestion, it has not been held that a course of conduct can never be actionable under CUTPA if the same behavior also constitutes negligence, and this court does not conclude that no set of facts provable under the allegations of the complaint would constitute a CUTPA violation.
Elements of an action for breach of covenant of good faith and fair dealing
BHC has moved to strike the fifth count of the amended complaint on the ground that it fails to allege facts necessary to sustain a claim for breach of an implied covenant of good faith and fair dealing, namely, the existence of a contract of which such a covenant is an implied term.
The plaintiffs have not alleged the existence of a written contract between themselves and BHC; however, they have pleaded that they were customers of BHC:
 16. The foregoing failures of the Defendant, BHC, as set forth in paragraphs 14 and 15 hereof, violated its implied covenant of good faith and fair dealing with its customers, including the plaintiffs.
CT Page 2119 Amended Complaint, 12/29/00.
While the implied covenant of good faith and fair dealing has generally arisen in the context of written agreements, see, e.g. Gupta v. NewBritain General Hospital, 239 Conn. 574, 598 (1996); Habetz v. Condon,224 Conn. 231, 238 (1992); Warner v. Konover, 210 Conn. 150, 155 (1989), the Supreme Court has not specifically limited the doctrine to written agreements, but has stated that "[e]very contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement." Gupta v. New Britain General Hospital, supra,239 Conn. 598.
By alleging status as customers, the plaintiffs would be entitled to present evidence of a contract by which BHC agreed to supply water and undertook other obligations to them.
Though the pleading is minimal, rather than detailed, it is sufficient to withstand a motion to strike.
Conclusion
For the reasons stated above, the motion to strike the fourth and fifth counts of the amended complaint dated December 29, 2000, is denied.
Beverly J. Hodgson Judge of the Superior Court