[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE COUNTS TWO AND THREE
The defendant, American Honda Finance Corporation ("American Honda"), has moved to strike the counts of the second amended complaint in which the piaintiff, Monica Jennings, alleges a violation of the Uniform Commercial Code, Conn. Gen. Stat. § 42a-9-501 and 504 (Count Two) and the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42a-110 et seq. ("CUTPA") (Count Three). The defendant does not challenge the first count of the complaint, in which the plaintiff alleges that the defendant violated the Retail Installment Sales Financing Act ("RISFA") (Conn. Gen. Stat. § 36a-770 et seq.) in connection with the repossession of an automobile in which the defendant had a security interest.
Form of the motion to strike.
Section 10-41 of the Connecticut Practice Book requires that a party moving to strike a claim for any of the reasons stated in § 10-39, CT Page 5528 including failure of the allegations to state a cause of action, "shall separately set forth each such claim of insufficiency and shall distinctly specify the reason or reasons for each such claimed insufficiency." This rule has the obvious purpose of requiring a clear statement of the issue raised, so that the court and the party whose plea ing is challenged have a definite, succinct statement of the alleged deficiency.
American Honda has not complied with § 10-41, but has moved to strike counts two and three "for failure to state claims for which relief may be granted. As set forth more fully in AHFC's accompanying Memorandum of Law in Support of its Partial Motion to Strike, these counts fail to state a claim upon which relief can be granted."
The cited section of the Practice Book does not authorize reference to the text of a brief, but requires a statement of the grounds, with distinct specification of each claimed insufficiency, in the motion itself. The court and opposing counsel should not be asked to search a lengthy brief to discover grounds and to determine which statements in a brief are being relied upon as grounds and which are not. In fact, in her brief in opposition, the plaintiff discussed some points that the defendant stated in its reply brief were misinterpretations of the grounds on which it relies.
While one remedy for noncompliance with § 10-41 would be to require redrafting, the court proposed at oral argument that the pleading deficiency be cured instead by construing the headings in the brief in support of the motion as the grounds on which the defendant relies. The plaintiff did not object to this resolution and did not request that the motion instead be redrafted.
Accordingly, the grounds to be decided are as follows: I
 1. Plaintiff fails to state a valid claim under the UCC in Count II because she relies solely on her RISFA claim to support her UCC claim
 2. The plaintiff fails to state a valid claim under CUTPA because the plaintiff relies solely on her RISFA allegations to support her CUTPA claim.
Standard of review
The function of a motion to strike is to test the legal of the allegations of a complaint to state a claim upon which relief can be granted. Sherwood v. Danbury Hospital, 252 Conn. 193, 213 (2000); CT Page 5529Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,214-215 (1992); Ferryman v. Groton, 212 Conn. 138, 142 (1989); Practice Book § 10-39. The role of the trial court is to examine the complaint, construed in favor of the pleader, to determine whether the pleader has stated a legally sufficient cause of action. ATC Partnershipv. Windham, 251 Conn. 597, 603, cert. denied, 120 S.Ct. 2217 (1999); Doddv. Middlesex Mutual Assurance Co., 242 Conn. 375, 378 (1997); Napoletanov. CIGNA Healthcare of Connecticut, Inc., 238 Conn. 216, 232-33, cert. denied, 117 S.Ct. 1106 (1990).
In adjudicating a motion to strike, the court must construe the facts alleged in the complaint in the manner most favorable to the plaintiff.Gazo v. Stamford, 255 Conn. 245, 260 (2001); Bohan v. Last,236 Conn. 670, 675 (1996); Sassone v. Lepore, 226 Conn. 773, 780 (1993);Novametrix Medical Systems, Inc. v. BOC Group, Inc., supra, 224 Conn. 215;Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). The requirement of favorable construction does not extend, however, to legal opinions or conclusions stated in the complaint, but only to factual allegations and the facts "necessarily implied and fairly provable under the allegations." Forbes v. Ballaro, 31 Conn. App. 235, 239 (1993). Conclusory statements or statements of legal effect not supported by allegations of fact will not enable a complaint to withstand a motion to strike. Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985); Fortini v. NewEngland Log Homes, Inc., 4 Conn. App. 132, 134-35, cert. dismissed,197 Conn. 801 (1985).
UCC Claim
The plaintiff alleges in the first count of her second amended complaint that when she missed two car payments, the defendant sent her a notice that failed to state that she would have a right to redeem her vehicle in the event that the defendant repossessed it. She further alleges that after the defendant repossessed the car, it informed her that in order to redeem she would have to pay the accelerated total amount due under the financing agreement. The plaintiff alleges that these notices were not in conformity with the requirements of the Connecticut RISFA, specifically, Conn. Gen. Stat. § 36a-785(c). The plaintiff alleges that the defendant used the same forms containing the same alleged non-conformities in a large number of transactions, and she has alleged the existence of a class of similarly situated plaintiffs. The issue of class certification is not before the court at this time.
In the second count of her complaint, the plaintiff incorporates by reference the factual allegations of the first count and alleges that:
 22. The security agreements executed by plaintiff CT Page 5530 and class members and subsequently assigned to AHFC provided that plaintiff and class members had the right to redeem their vehicles after repossession in accordance with Connecticut law.
 23. AHFC failed to provide the plaintiff and the class members with all of their rights under their security agreements as required by Conn. Gen. Stat. § 42a-9-501. Specifically, AHFC improperly accelerated their contract balances and improperly imposed repossession and storage charges.
 24. AHFC failed to conduct the repossession of plaintiffs and the class members' motor vehicles in a commercially reasonable manner as required by Conn. Gen. Stat. § 42a-9-504, by having improperly accelerated the amounts due on their contracts or loan agreements and by having included inaccurate and false information concerning the rights of plaintiff and the class members in its notices.
The defendant moves to strike Count Two on the ground that the allegations set forth above constitute "nothing more than a RISFA claim."
Connecticut's Retail Installment Sales Financing Act, at Conn. Gen. Stat. § 36a-770(a) specifically provides that "a transaction subject to sections 36a-770 to 36a-788, inclusive . . . is also subject to the Uniform Commercial Code, title 42a" except in case of conflict. The movant has not identified any conflicting terms with respect to the violations alleged by the plaintiff.
The Connecticut Supreme Court has ruled in Jacobs v. HealyFord-Suburu, Inc., 231 Conn. 707, 722 (1995) that a party may seek remedies under both RISFA and the UCC, and that neither statute's remedies are exclusive of remedies under other statutes. Other trial courts have ruled that claims under RISFA and § 42a-9-501 et seq. may be maintained in the same action and that the remedies are cumulative.Condor Capital Corp. v. Michaud, Docket No. 990588911S (Judicial District of Hartford, July 25, 2000, Peck, J.); Hunter v. American Honda FinanceCorp., Docket No. CV 990587409 (Judicial District of Hartford, April 4, 2000).
Conn. Gen. Stat. § 42a-9-501(2) provides in pertinent part that "(a)fter default, the debtor has the rights and remedies . . . provided in the security agreement." The plaintiff has not set forth the actual text CT Page 5531 of the security agreement, but alleges that it entitles her to "the right to redeem (her) vehicle(s) after repossession in accordance with Connecticut law." She takes the position that Connecticut law required that she be able to redeem by paying only the amounts due as of the date of default, not the accelerated total amount due under the contract. She also alleges that under the security agreement, she was entitled to cure the default without paying repossession and storage charges.
Contrary to American Honda's contention, the plaintiff does not claim that American Honda violated the cited UCC section by violating RISFA; rather, she alleges that it violated the cited provisions by exercising rights and remedies not permitted under the security agreement, in violation of her right to be subjected only to rights and remedies provided in the agreement or by Part 5 of Article 9 of the UCC. The plaintiffs allegations concerning violation of § 42a-9-504 in repossession must be read to include the whole process of repossession, including disposition. Bohan v. Last, supra, 236 Conn. 670, 675.
The court finds that American Honda has not established grounds for striking the second count.
CUTPA CLAIM
The defendant asserts that the plaintiffs claim of violation of CUTPA should be stricken because it is based on the same facts that are the basis for the plaintiffs RISFA claim. By its terms, RISFA is not the exclusive remedy for alleged misfeasance in consumer financing transactions.
Though a violation of RISFA is not an automatic or per se violations of CUTPA, no provision of either statute prohibits a finding that the same conduct violates both statutes.
The third count of the plaintiffs complaint, read in the manner required in the context of a motion to strike, alleges that the defendant did not merely violate RISFA and the UCC with regard to the single transaction involving the plaintiff, but that it engaged in a pattern and practice of failing to implement repossession procedures designed reasonably to ensure compliance with the rights secured by those statutes. The plaintiff also alleges that the defendant engaged in an unfair practice by making reports that the defendant is "not entitled to report," and that these reports damaged her credit worthiness.
The standard for determining whether an act or practice constitutes a CUTPA violation is the test, known as the "cigarette rule" recognized by the Federal Trade Commission in enforcing the federal statute on which CT Page 5532 CUTPA is modeled:
 (1) Whether the practice, without necessarily having been considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive or unscrupulous; (3) whether it causes substantial injury to consumers.
A-G Foods, Inc. v. Pepperidge Farms, Inc., 216 Conn. 200, 215 (1990).
In Jacobs v. Healey Ford-Subaru, Inc., supra, 231 Conn. 729, the Supreme Court found that the RISFA and UCC violations in the particular transaction were inadvertent. Contrary to the defendant's position, the court did not hold in Jacobs that RISFA or UCC violations that are not isolated and inadvertent likewise cannot form the basis for a CUTPA violation. In fact, the Supreme Court approved the approach taken by the attorney trial referee, who, after determining that a RISFA or UCC violation was not a per se violation of CUTPA as well, considered the facts in light of the test set forth above. In Jacobs v. Healey Ford-Subaru,Inc., the referee found that a temporary loss of records and sloppy accounting, not a business policy or practice, caused the noncompliances at issue.
The plaintiff in the case before this court has alleged no such inadvertence or isolated lapse, but rather a practice of ignoring or violating consumer protection provisions.
The court finds that the plaintiff has stated a claim under CUTPA.
CONCLUSION
The motion to strike is denied.
 ___________________________ Beverly J. Hodgson Date Judge of the Superior Court